# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| John Velez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| City of Chicago; Chicago Police Officers ) | Case No. 18-cv-8144 |
| Michael R. Bocardo, Michael Dyra, John A. ) | Honorable Marvin E. Aspen |
| Cruz, Sam Cirone, Patrick O'Donovan, ) | |
| Kriston Kato, Bradul A. Ortiz, Michael J. ) | JURY TRIAL DEMANDED |
| Walsh, Victor M. Perez, D. Wolverton ) | |
| (#20014), J. Botwinski (#20392), A. ) | |
| Jaglowski (#20196), Sgt. D. Walsh, John ) | |
| Farrell, and Unknown Officers; Cook County ) | |
| Sheriff's Department Detectives James Davis ) | |
| and John Sullivan and Unknown Sheriff's ) | |
| Department Officers; Cook County Assistant ) | |
| State's Attorney Megan Goldish; and Cook ) | |
| County, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO SERVE DEFENDANTS WOLVERTON AND JAGLOWSKI**

Plaintiff John Velez, by and through his attorneys, Loevy & Loevy and the Law Office of Jennifer Blagg, hereby respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(m) to extend the time to serve Defendants Wolverton and Jaglowski by 30 days, until April 10, 2019:

1. Plaintiff has successfully served or obtained waivers of service for 17 of the 19 defendants in this action.

2. Plaintiff's counsel and counsel for the individual police officer defendants have worked cooperatively to obtain waivers of service for the individual police officer defendants. Defense counsel has requested, but not yet returned, a waiver of service for Defendant

Wolverton, and are in the process of confirming whether Defendant Jaglowski will accept a waiver. For this reason, Plaintiff respectfully requests a brief 30-day extension on the time to serve to enable Plaintiffs to receive their waivers of service, or, in the alternative, to serve them by process server.

3. Counsel for all Defendants have indicated that they do not oppose this motion or the relief sought.

4. Rule 4(m) affords this Court ample discretion to extend the time for service of Defendants Wolverton and Jaglowski until April 10. The rule provides that if a plaintiff "shows good cause" for failing to serve a defendant within the 90-day period specified by the rule, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Even absent a showing of good cause, "a district court must still consider whether a permissive extension of time is warranted." *Panaras*, 94. F.3d at 341.

5. Plaintiff has good cause for an extension. "Good cause requires some showing of good faith by the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Young v. City of Chicago*, No. 94C5753, 1995 WL 453716, at *4 (N.D. Ill. July 28, 1995) (citing *Floyd v. United States*, 900 F. 2d 1045, 1047 (7th Cir. 1990)). In addition, a lack of prejudice to the defense is a relevant consideration. *Patterson v. Brady*, 131 F.R.D. 679, 682 (S.D. Ind. 1990) (citing *Floyd*, 900 F.2d at 1048-49). Here, Plaintiff's efforts at service have been successful as to 17 of the 19 Defendants, demonstrating Plaintiff's diligence and lack of contumacious conduct or delay. Plaintiff's counsel has cooperated with counsel for the individual police officer Defendants to reduce the costs of service through waivers of service and anticipates he will expeditiously receive a waiver from Defendant Wolverton and soon learn

whether Defendant Jaglowski will accept a waiver. Defendants do not oppose this motion and will suffer no prejudice by a short extension, as discovery has not yet commenced and Defendants Wolverton Jaglowski will be represented by counsel that is already representing other individual police officer Defendants in this case. These facts establish good cause for a brief extension.

8. Even absent good cause, a permissive extension is appropriate. Discretionary extensions are appropriate when the extension will not prejudice the Defendants and a dismissal could bar claims on statute of limitations grounds. *See, e.g.*, *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011); Fed. R. Civ. P. 4(m), 1993 advisory committee note. Here, no Defendant will suffer any prejudice from a brief extension of time to serve, as the case is in its initial stages and discovery has not yet commenced. Moreover, the applicable statute of limitations would prevent recovery by Plaintiff against the unserved Defendants for state law claims arising from his misconduct, contravening the preference in the Federal Rules for resolution of cases on the merits. Refiling against the unserved Defendants would unnecessarily complicate the case procedurally, requiring two parallel or consolidated actions, with recovery available for different kinds of claims against different sets of Defendants due to the applicable statute of limitations. For these reasons, this Court should grant additional time to serve on a permissive basis even absent a finding of good cause.

WHEREFORE, Plaintiff respectfully seeks an order clarifying that service may be completed up to and through March 10, 2019.

RESPECTFULLY SUBMITTED:

s/ Ruth Brown
Attorney for John Velez

Arthur Loevy
Jon Loevy
Russell Ainsworth
Ruth Brown
Danielle Hamilton
LOEVY & LOEVY
311 North Aberdeen St., 3rd floor
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

Jennifer Blagg
LAW OFFICE OF JENNIFER BLAGG
1333 West Devon Ave., Suite 267
Chicago, IL 60660
Phone: (773) 859-0081
Fax: (773) 439-2863

**CERTIFICATE OF SERVICE**

    I, Ruth Brown, an attorney, hereby certify that on March 11, 2019, I filed the foregoing motion via the Court's CM/ECF system, thereby effecting service upon all counsel of record, and additionally emailed all known defense counsel a copy of the motion as well.

                                /s/ Ruth Brown