## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| John Velez, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| City of Chicago; Chicago Police Officers | ) Case No. 18-cv-8144 |
| Michael R. Bocardo, Michael Dyra, John A. | ) Honorable Edmond E. Chang |
| Cruz, Sam Cirone, Patrick O'Donovan, | ) |
| Kriston Kato, Bradul A. Ortiz, Michael J. | ) JURY TRIAL DEMANDED |
| Walsh, Victor M. Perez, D. Wolverton | ) |
| (#20014), J. Botwinski (#20392), A. | ) |
| Jaglowski (#20196), Sgt. D. Walsh, John | ) |
| Farrell, and Unknown Officers; Cook County | ) |
| Sheriff's Department Detectives James Davis | ) |
| and John Sullivan and Unknown Sheriff's | ) |
| Department Officers; Sheriff of Cook County | ) |
| Thomas J. Dart, Cook County Assistant | ) |
| State's Attorney Megan Goldish; and Cook | ) |
| County, | ) |
| | ) |
| Defendants. | |

## DEFENDANT MEGAN GOLDISH'S ANSWER TO PLAINTIFF'S SECOND
## AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Megan Goldish, by and through her attorneys O'CONNOR & BATTLE,

LLP, hereby submit her answer and affirmative defenses to Plaintiff's Second Amended

Complaint.

### ANSWER TO INTRODUCTION

1.     **Plaintiff John Velez was wrongfully convicted of the 2001 murder of Anthony Hueneca and spent sixteen years unjustly imprisoned, starting at age 17, before he was exonerated.**

**ANSWER:**     Defendant Goldish admits that Plaintiff was convicted of the 2001 murder of

Anthony Hueneca.  Defendant Goldish denies the allegations to the extent they allege liability

on the part of the Defendant Goldish.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.      **Mr. Velez's wrongful conviction was caused by the Defendants, who concocted a false story that Mr. Velez had killed Hueneca in an "anniversary killing" of the death of his uncle.**

**ANSWER:**     To the extent paragraph 2 alleges conduct on the part of Defendant Goldish, she

denies the allegations.  Defendant Goldish is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 2.

3.      **Defendants' wrongful case against Mr. Velez was built entirely on false and coerced witness statements.  No physical or forensic evidence of any kind connected Mr. Velez to the murder.**

**ANSWER:**     To the extent paragraph 3 alleges conduct on the part of Defendant Goldish, she

denies the allegations.  Defendant Goldish is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 3.

4.      **To perfect their plan to frame Plaintiff, Defendants coerced Mr. Velez's pregnant girlfriend, Christiana Izquierdo, into signing a statement that tracked Defendants' fabricated "anniversary killing" story.  Their plot was successful.  Due to Defendants' foul play, Mr. Velez was convicted of murder and sentenced to 80 years in prison.**

**ANSWER:**     To the extent paragraph 4 alleges conduct on the part of Defendant Goldish, she

denies the allegations.  Defendant Goldish is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 4.

5.      **Never giving up on proving his innocence, Mr. Velez worked tirelessly to show that he had absolutely nothing to do with this crime.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 5.

6.      **After newly-discovered evidence exposed the Defendants' "anniversary killing" theory as demonstrably false, the State took the extraordinary step of agreeing to vacate Plaintiff's conviction in December 2017.**

**ANSWER:**     Defendant Goldish admits that the State agreed to a motion to vacate Plaintiff's

conviction in December 2017. To the extent the remaining allegations in paragraph 6 allege conduct on the part of Defendant Goldish, she denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.     **Plaintiff was finally cleared of the murder charge after over sixteen years wrongfully behind bars. This lawsuit seeks redress for his injuries.**

**ANSWER:**     Defendant Goldish admits Plaintiff brings this lawsuit seeking money damages for his alleged injuries.   Defendant Goldish denies committing any actions that wrongfully caused injury to Plaintiff and denies the remaining allegations in paragraph 7.

## ANSWER TO JURISDICTION AND VENUE

8.     **This action is brought pursuant to 42 U.S.C. § 1983 to redress Defendants' deprivation of Plaintiff's rights secured by the U.S. Constitution.**

**ANSWER:**     Defendant Goldish admits this action is brought pursuant to 42 U.S.C. § 1983, but denies committing any acts that would result in liability to Plaintiff.

9.     **This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.**

**ANSWER:**     Defendant Goldish admits this court has jurisdiction over Plaintiff's federal and state claims.

10.     **Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district, the majority of the Defendants reside in this judicial district, and the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.**

**ANSWER:**     Defendant Goldish admits venue is proper.

## ANSWER TO PARTIES

11.     **Plaintiff John Velez is a 36 year old father of a 17 year old daughter.  During his wrongful incarceration of sixteen years, Mr. Velez earned a second GED and worked inmate jobs in the commissary, as a maintenance technician, and as a warehouse manager.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. **Defendant City of Chicago is an Illinois municipal corporation and is and/or was the employer of each of the Defendant Officers. The City of Chicago is liable for the acts of the Defendant Officers, which were undertaken within the scope of their employment for the City.**

**ANSWER:** On information and belief, Defendant Goldish admits Defendant City of Chicago is an Illinois municipal corporation and is and/or was the employer of each of the Defendant Officers. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13. **At all times relevant hereto, Defendants Michael R. Bocardo, Michael Dyra, John A. Cruz, Sam Cirone, Patrick O'Donovan, Kriston Kato, Bradul A. Ortiz, Michael J. Walsh, Victor M. Perez, D. Wolverton (#20014), J. Botwinski (#20392), A. Jaglowski (#20196), Sgt. D. Walsh, John Farrell, and other unknown law enforcement officers (collectively, the "Defendant Officers") were police officers in the Chicago Police Department acting under color of law and within the scope of their employment for the City of Chicago. The supervisory defendants facilitated, condoned and approved the constitutional violations committed by their subordinates. Defendant Sheriff of Cook County Thomas J. Dart, in his official capacity, is the Chief Law Enforcement Officer in Cook County. Under the provisions of the Illinois State Constitution and Illinois law, the Sheriff is responsible for overseeing and operating the Cook County Sheriff's Department Defendant Sheriff of Cook County Thomas J. Dart is liable for the acts of the Defendants Davis and Sullivan, which were undertaken within the scope of their employment for the Cook County Sheriff.**

**ANSWER:** On information and belief, Defendant Goldish admits that Michael Bocardo, Michael Dyra, John Cruz, Sam Cirone, Patrick O'Donovan, Kriston, Kato, Bradul Ortiz, Michael Walsh, Victor Perez, D. Wolverton, J. Botwinski, A. Jaglowski, D. Walsh, and John Farrell were Chicago Police Officers and that Thomas J. Dart is the Chief Law Enforcement Officer in Cook County. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. **At all times relevant hereto, Defendants James Davis and John Sullivan and other unknown law enforcement officers (collectively the Defendant County Police Officers") were**

police officers in the Cook County Sheriff's Department acting under color of law and within the scope of their employment for Cook County Sheriff. The supervisory Defendants facilitated, condoned, and approved the constitutional violations committed by their subordinates. Defendant City Police Officers and Defendant County Police Officers are referred to, collectively, as the "Defendant Officers."

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 14.

**15.     At all relevant times, Megan Goldish was an Assistant Cook County State's Attorney acting under color of law and within the scope of her authority. Goldish conspired with the Defendant Officers, prior to the existence of probable cause to believe Plaintiff had committed a crime, and while acting in an investigatory capacity, to fabricate evidence, manipulate witness testimony, maliciously prosecute Plaintiff, and detain him without probable cause for Hueneca's murder.**

**ANSWER:**     Defendant Goldish admits that, at all relevant times, she was an Assistant Cook

County State's Attorney acting under color of law and within the scope of her authority.

Defendant Goldish denies the remaining allegations in paragraph 15.

**16.     Defendant Cook County is a governmental entity within the State of Illinois and includes as components its Cook County State's Attorney's Office and Cook County Sheriff's Police Department. Defendant Cook County employed Defendants Goldish, Sullivan, and Davis at all relevant times. Defendant Cook County is a necessary party to this lawsuit.**

**ANSWER**:     Defendant Goldish admits that Defendant Cook County is a governmental entity

within the State of Illinois and includes as a component its Cook County State's Attorney's

Office. Defendant Goldish further admits that Defendant Cook County employed her at all

relevant times. Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 16.

### Answer to The Crime

**17.     In the early morning hours of March 19, 2001, 26-year-old Anthony Hueneca was tragically shot and killed while walking down the street in the Pilsen neighborhood of Chicago.**

**ANSWER:**     Upon information and belief, Defendant Goldish admits Anthony Hueneca was

shot and killed in the early morning hours of March 19, 2001. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

**18.    Prior to the shooting, four friends – Micaela Gutierrez, Apolinar Mejia, Lorena Ricardo, and Gustavo Rivera –stopped nearby at a house located in Latin Kings territory.**

**ANSWER:**    Upon information and belief, Defendant Goldish admits that Gutierrez, Mejia, Ricardo, and Rivera stopped by a house prior to the shooting, and that the house was located in or near territory allegedly claimed by the Latin Kings. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

**19.    Rivera went into the house while Gutierrez, Mejia, and Ricardo waited in the car.**

**ANSWER:**    On information and belief, Defendant Goldish admits that, at some point, Rivera went into the house while Gutierrez, Mejia, and Ricardo waited in the car. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

**20.    The street was poorly lit – the lamp on the street was not operational and the closest operational light was far away.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

**21.    As Gutierrez, Mejia and Ricardo waited in the car, a man wearing a dark-blue, hooded sweatshirt with his hood drawn over his head approached the car, pointed a semi-automatic gun at them and told them to "get ready to die."**

**ANSWER:**    Upon information and belief, Defendant Goldish was made aware that Gutierrez, Mejia, and Ricardo were in the car when a man came up and pointed a gun at them. Defendant Goldish is without knowledge or information sufficient to form a belief as

6

to the truth of the remaining allegations in paragraph 21.

**22.      Rather than shoot, however, the man said "King killer, Queen killer, SD love," and left. "SD love" referred to a rival street gang, the Satan disciples."**

**ANSWER:**    Upon information and belief, Defendant Goldish admits that the armed man reportedly said "King killer" and "SD love." Upon information and belief, Defendant Goldish admits that "SD love" is a reference to the Satan Disciples street Gang. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

**23.      Gutierrez, Mejia and Ricardo then drove away. While they were driving away, they heard gunshots and saw men wearing dark-blue, hooded sweatshirts run down the street.**

**ANSWER:**    On information and belief, Defendant Goldish admits that, at some point, Gutierrez, Mejia, and Ricardo drove away and, at some point, heard gunshots. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

**24.      Mejia then drove back to the area, because he was worried that Rivera had been shot.**

**ANSWER:**    On information and belief, Defendant Goldish admits that, at some point, Mejia drove back to the area. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

**25.      Meanwhile, Rivera heard the gunshots while he was inside the house. He ran out of the house to see who had been shot, and found Hueneca lying on the ground.**

**ANSWER:**    On information and belief, Defendant Goldish denies the allegations in paragraph 25.

**26.      When Defendant City Police Officers responded to the scene, they spoke with witnesses including Ricardo, who told police she had seen three to four Hispanic males in dark clothing running away from the scene, but she could not identify them. No one at**

the scene could provide any further description of the offenders.

      **ANSWER:**    Upon information and belief, Defendant Goldish admits that City of

Chicago Police Officers responded to the scene and an officer spoke to Ricardo.  Defendant

Goldish is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 26.

### City Police Officer Defendants' Frame Up

**27.**    **After meeting with witnesses and conducting a canvas, the Defendant City Police Officers had no suspect and no witness who could describe the perpetrator, so they decided to pin the murder on someone.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 27.

**28.**    **Defendant City Police Officers selected as their scapegoat Mr. Velez, who happened to be at the police station at the same time that Defendant City Police Officers brought Rivera, Ricardo, Gutierrez, and Mejia to Area 4 police station for questioning the night of the Hueneca murder.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 28.

**29.**    **Mr. Velez was not present at the scene of the Hueneca shooting and knew absolutely nothing about it.  He was at the police station to assist a friend.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 29.

**30.**    **While waiting at the station, Mr. Velez was approached by Defendant Bocardo, who questioned him about another crime that Mr. Velez had witnessed.  Defendant Bocardo wanted Mr. Velez to identify the perpetrator.  Mr. Velez truthfully told Defendant Bocardo he did not know who committed the crime.  Defendant Bocardo, wrongly believing that Mr. Velez was withholding information, sought revenge.**

**ANSWER:**    On information and belief, Defendant Goldish admits that Defendant Bocardo

approached Plaintiff at the station.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 30.

**31.     Defendant City Police Officers, led by Defendant Detective Bocardo, a self-described "gang specialist", concocted a false story implicating Mr. Velez in the Hueneca shooting.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 31.

**32.     Defendant City Police Officers' theory was that Mr. Velez was a Satan Disciple who had killed Hueneca as part of an "anniversary killing" on March 19, 2001, to honor the anniversary of the murder of his uncle, Gent Velez, who was killed on March 23, 2000. According to Defendants, Gent Velez, too, was a Satan Disciple, and Hueneca's shooting arose from on-going gang war between the Latin Kings (Hueneca's gang) and the Satan Disciples.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 32.

**33.     This story was entirely false.  Furthermore, neither Mr. Velez nor his uncle was a Satan Disciple.  In fact, the Defendant City Police Officers knew that Mr. Velez's uncle was a member of an entirely different street gang, the Almighty Ambrose gang.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 33.

### Answer to The Coerced Identifications

**34.     Without any reason of any kind to believe that Mr. Velez had any involvement in the Hueneca murder, but with animosity towards Mr. Velez as a suspected gang member, Defendant Bocardo obtained a photograph of Mr. Velez and showed it to Mejia while questioning him about the Hueneca shooting.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 34.

**35.     Defendant Bocardo then indicated to Mejia that Velez was the perpetrator of the Hueneca murder, showing him the photo of Velez, despite knowing that Mejia did not get a sufficient look at the man with the gun at the car to describe him in any way, let alone identify him.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 35.

**36.      Defendant Bocardo's presentation of Velez's photograph in that manner was the equivalent of a single photograph show-up and was unduly suggestive.  Due to Defendant Bocardo's suggestive tactic, Mejia falsely identified Mr. Velez as the man who threatened her and the others in the car before the Hueneca shooting.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 36.

**37.      Next, one or more of the Defendant City Police Officers pressured Rivera, too, to falsely identify Mr. Velez as the shooter.  Defendant City Police Officers promised Rivera that they would "help him out" with a recent conviction if he "cooperated" with them, or words to that effect, by falsely identifying Velez.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 37.

**38.      After pressure and promises exerted on him by the Defendant City Police Officers, Rivera gave a false statement containing facts fed to him by Defendants.  Rivera falsely claimed that he [sic] when he came out of the house, he saw Mr. Velez wearing a dark-blue, hooded sweatshirt and following Hueneca.  Rivera further falsely claimed that after he heard two shots fired, he again saw Velez, this time running away as Hueneca lay on the ground.  In fact, Rivera had been inside the house during the shooting and had not seen the shooter at any time.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 38.

**39.      One or more of the Defendant City Police Officers then went to Ricardo and Gutierrez's houses with a photo array that included the photograph of Mr. Velez taken by Defendant Bocardo.  Defendants manipulated and coerced the witnesses into falsely identifying Velez as the man who threatened them before the shooting.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 39.

**40.      Defendants suppressed or destroyed evidence that they had coerced these witnesses into implicating Mr. Velez in the Hueneca shooting.**

**ANSWER:**      To the extent paragraph 40 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

**41.     On March 25, 2001, Defendant City Police Officers arrested then seventeen year-old Mr. Velez and took him into custody solely on the basis of the coerced and fabricated witness identifications.  Mr. Velez truthfully denied any involvement in the shooting.**

**ANSWER:**     Defendant Goldish admits that Plaintiff was arrested.  Defendant Goldish is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 41.

**42.     At the time of the shooting, Mr. Velez was at his cousin's house doing laundry, as he told Defendant City Police Officers when he was questioned.  Defendants never bothered to investigate Mr. Velez's alibi witnesses.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 42.

**43.     Mr. Velez's cousin, Alexis Robles, corroborates his account.  She testified that Mr. Velez was dropped off at her house on the night of March 18, and she and Mr. Velez stayed up washing clothes and socializing, with Mr. Velez spending the night at her house.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 43.

**Answer to Defendants Coerce Christina Izquierdo**

**44.     Defendant City Police Officers needed more to support their purported "anniversary killing" motive for the murder.  They brought in Defendant County Police Officers and Defendant ASA Meghan Goldish in on the conspiracy.**

**ANSWER:**     To the extent paragraph 44 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 44.

**45.     Together, Defendants coerced Mr. Velez's girlfriend, Christina Izquierdo, into falsely implicating Mr. Velez in the Hueneca shooting.**

**ANSWER:**     To the extent paragraph 45 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 45.

**46.     Defendant County Police Officers had encountered Izquierdo days earlier when they were investigating a shooting at the cemetery in which Izquierdo had been shot in the back.  They interviewed Izquierdo at the hospital while she was being treated for a gunshot wound, and found out she was Velez's girlfriend and also five months pregnant with Velez's child.**

**ANSWER:**     Defendant Goldish admits that Christina Izquierdo was interviewed at some

point.  Defendant Goldish is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 46.

**47.     Based on this encounter, on March 26, 2001, Defendant County Police Officers picked Izquierdo up from her home and brought her into Area 4 detective headquarters for questioning.  Defendants fabricated evidence that Velez had purportedly confessed to Izquierdo while in front of the Defendant County Police Officers that he had committed the Hueneca homicide.**

**ANSWER:**     To the extent paragraph 47 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 47.

**48.     Defendants kept Izquierdo in a locked room by herself for approximately eight hours and denied her request for an attorney.  Defendants had no justification for holding Izquierdo at the police station.**

**ANSWER:**     To the extent paragraph 48 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

**49.     Defendants interrogated Izquierdo about the murder.  She told them truthfully that she knew nothing about the murder, and certainly nothing about Mr. Velez's involvement in it.**

**ANSWER:**     To the extent paragraph 49 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

**50.     Undeterred, Defendants coerced Izquierdo into falsely implicating Mr. Velez in the crime, including by threatening to take Izquierdo's daughter away from her and telling her she could only leave the police station if she signed a statement implicating Mr. Velez.**

**ANSWER:**     To the extent paragraph 50 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 50.

**51.     Defendant Goldish then prepared a fabricated statement that tracked the "anniversary killing" story made up by the City Police Defendants and bolstered by fabrications by the County Police Defendants. Defendant Goldish knew the "anniversary killing" story was false, as well as the purported identifications by Mejia, Gutierrez, Ricardo, and Rivera used to buttress the false account.**

**ANSWER:**     Defendant Goldish denies the allegations in paragraph 51.

**52.     In the alternative, the scheme was perpetrated solely by the Defendant Officers, who concealed it from Defendant Goldish and the prosecution.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 52.

**53.     According to the false statement, Izquierdo alleged that on March 21, 2001, she went to the cemetery to visit Mr. Velez's uncle, who had died a year earlier. Izquierdo supposedly was standing at the gravesite when she was shot. Izquierdo was taken to the hospital, where Velez purportedly confessed that he was to blame for the gravesite shooting because he had shot a Latin King the prior Sunday. Velez said that he shot the man because the Latin Kings had killed his uncle.**

**ANSWER:**     Defendant Goldish denies Plaintiff has fully or accurately described the

statement or the circumstances surrounding the statement and, therefore, the allegations in

paragraph 53 are denied.

**54.     This story was false. Izquierdo was at the cemetery when she had been shot, but she had been there to visit the grave of an acquaintance on his birthday. She was not there to visit Velez's uncle, whose grave was located on the opposite side of the cemetery and unmarked. Furthermore, Velez never confessed to her at the hospital, or any time, that he was involved in any way in the Hueneca shooting. Moreover, neither Mr. Velez nor his uncle was a Satan Disciple.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 54.

**55.    Defendants suppressed or destroyed any evidence that they had coerced Izquierdo into implicating Mr. Velez.**

**ANSWER:**    To the extent paragraph 55 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

**Answer to Defendants City Police Officers and ASA Goldish**
**Coerce Rivera to Falsely Claim to Have Witnessed the Murder**

**56.    While one or more of the Defendants was interrogating Izquierdo, one or more other City Police Defendants picked up Ricardo, Rivera, Gutierrez, and Mejia and brought them back to the station to view in-person lineups that included Mr. Velez.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 56.

**57.    City Police Defendants continued to manipulate and coerce these witnesses into falsely identifying Mr. Velez. Due to City Police Defendants' misconduct, Ricardo, Gutierrez and Mejia falsely identified Velez as the man who threatened to kill them before Hueneca was shot.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 57.

**58.    The misconduct continued with Rivera. As mentioned earlier, City Police Defendants had induced Rivera to falsely claim to have not only been an eyewitness to the murder, but have seen Velez supposedly approach Hueneca right before he was killed and leaving the site of his body right after the murder.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 58.

**59.    Knowing they had elicited a bogus account unlikely to stand up over time, City Police Defendants proceeded to try to "lock in" Rivera to his story by having Defendant Goldish take a handwritten statement from him that contained his false story.**

**ANSWER:**    To the extent paragraph 59 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

**60.     City Police Defendants and Defendant Goldish suppressed or destroyed any evidence that they had coerced Rivera into writing a statement that implicated Mr. Velez, including their documentation of his initial report that he had not witnessed the murder.**

**ANSWER:**     To the extent paragraph 60 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 60.

**61.     Due to the false identifications procured by Defendants, Defendants were able to charge Mr. Velez with first-degree murder of Hueneca.**

**ANSWER:**     To the extent paragraph 61 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

**Answer to Defendant Officers Withhold Exculpatory Evidence**

**62.     Through the actions above and others, Defendant Officers also produced a series of false and fraudulent police reports and related memoranda, fabricated evidence, unduly suggestive witness identification procedures, and manufactured witness statements, which they inserted into their case file. These documents, which were used to show Plaintiff's purported connection to the crime, contained statements and described events that were fabricated and that the Defendant Officers knew to be false. Defendant Officers prepared and signed off on these reports, both as investigators and as supervisors, despite their knowledge that the information contained in those reports was entirely false. Simultaneously, the Defendant Officers withheld from the prosecution and Mr. Velez's defense documentation that would exculpate Mr. Velez, including documentation of their suggestive witness identification procedures, their coercive tactics, and exculpatory police reports and witness statements.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 62.

**63.     Defendant Officers concealed the misconduct described above from Plaintiff and his criminal defense attorneys.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 63.

**64.    The Defendant Officers' misconduct includes that of the supervisors, who knew full well of Defendants' misconduct and their fabrication of a case against Plaintiff. These supervisors nevertheless intentionally ignored and approved Defendants' misconduct, and decided to make Plaintiff responsible for a crime he did not commit, rather than directing the officers to go out and find the person who had shot Hueneca.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 64.

**Answer to Plaintiff's Conviction**

**65.    Mr. Velez's trial for first degree murder began on October 7, 2002.**

**ANSWER:**    On information and belief, Defendant Goldish admits the allegations in

paragraph 65.

**66.    No physical evidence was presented linking Mr. Velez to the scene of the shooting, and there were no witness accounts—aside from the false procured ones—that placed him at the scene.**

**ANSWER:**    On information and belief, Defendant Goldish denies the allegations in

paragraph 66.

**67.    Mejia, Ricardo, Gutierrez, Rivera and Izquierdo all testified at Mr. Velez's criminal trial and presented the only evidence suggesting Velez's guilt.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 67.

**68.    Freed from the police station, Izquierdo recanted her inculpatory statement, explaining that the statement was a lie that had been coerced by the police. Despite her recantation, the statement was nevertheless read into evidence.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 68.

**69.    After two hours of deliberations, the jury sent a note that they had reached an impasse. After the court instructed the jury to keep deliberating, the jury asked to see Rivera's handwritten statement and trial testimony; his was the only eyewitness claiming**

that Mr. Velez had committed the crime.

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

**70. On October 15, 2002, based on Defendants' fabricated evidence, John Velez was wrongfully convicted of murder.**

**ANSWER:** On information and belief, Defendant Goldish admits that John Velez was convicted of murder on October 15, 2002. To the extent the remaining allegations in paragraph 70 allege conduct on her part, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.

**71. Mr. Velez was sentenced to 80 years in prison for the crime.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

**72. Absent Defendants' misconduct, Plaintiff would never have been prosecuted for or convicted of Hueneca's murder.**

**ANSWER:** To the extent paragraph 72 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

**Answer to Plaintiff's Exoneration**

**73. Plaintiff never stopped fighting to prove his innocence.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

**74. In 2016, Plaintiff's perseverance paid off. Mr. Velez learned that Rivera had admitted that he did not witness the shooting, and had not seen Velez the night of the shooting. Rivera stated that the only reason he identified Velez was because police told him if he cooperated the State would "help him out" with his drug conviction.**

**ANSWER:** To the extent paragraph 74 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 74.

75. **Armed with Rivera's recantation, Plaintiff brought his case to court. After conducting a thorough and independent investigation into Plaintiff's claims, the State took the extraordinary step of itself moving to vacate Mr. Velez's conviction.**

**ANSWER:** On information and belief, Defendant Goldish admits the State moved to vacate

Plaintiff's conviction. Defendant Goldish is without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 75.

76. **On December 11, 2017, after Mr. Velez had spent more than sixteen years in prison, the court granted the State's request and Plaintiff walked free for the first time in over sixteen years.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 76.

**Answer to Plaintiff's Devastating Injuries**

77. **Entering prison at 17 years old for a crime he did not commit, Plaintiff suffered immensely. He was wrongfully incarcerated for almost as long as he had lived outside of prison.**
**ANSWER:** To the extent paragraph 77 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 77.

78. **During his sixteen years of wrongful imprisonment, Plaintiff was deprived of the ability to interact freely with his loved ones including his only daughter; to be present for holidays, births, deaths and other life events; to pursue his passions and interests; to engage in meaningful labor and develop a career; and to live freely, as an autonomous being.**

**ANSWER:** To the extent paragraph 78 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 78.

**79.     Instead, Plaintiff was detained in harsh, dangerous, and isolating prisons, branded a murderer.**

**ANSWER:**     To the extent paragraph 79 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

**80.     As a result of his wrongful conviction and incarceration, Plaintiff must now attempt to rebuild his life outside of prison, all without the benefit of the life experiences that ordinarily equip adults for such a task.**

**ANSWER:**     To the extent paragraph 80 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 80.

**81.     In addition to causing the severe trauma of Plaintiff's wrongful imprisonment and loss of liberty, Defendants' misconduct caused and continues to cause Plaintiff extreme physical and psychological pain and suffering.**

**ANSWER:**     To the extent paragraph 81 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

**82.     The misconduct committed by Defendants was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence, and each Defendant is liable for punitive damages, as well as other relief described below.**

**ANSWER:**     To the extent paragraph 82 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.

**Answer to Defendant Bocardo's History of Misconduct**

**83.     Though Mr. Velez could not have known this at the time, he was not the first— nor the last person—that would be the victim of Defendants' coercion and fabrication. To the**

19

contrary, Defendant Bocardo has engaged in an emerging pattern of misconduct that
sheds light on the methods used during his investigation of the Hueneca murder.

**ANSWER:** To the extent paragraph 83 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 83.

**84. His pattern of misconduct was first evidenced in the 2005 shooting of Eric Uribe
and German Medina, two boys who had supposedly robbed a police officer's son. In that
case, Detectives Roberto Garcia and Michael Bocardo chased down Uribe and Medina,
both of whom were juveniles, after it was alleged that they had robbed Garcia's son. Once
Roberto and Bocardo stopped Uribe's vehicle, they fired shots into the car, killing Medina
and injuring Uribe, without justification. Roberto and Bocardo claimed the boys were
armed, but no gun was ever found. A lawsuit was filed against Bocardo and Roberto, and
a jury returned a verdict in favor of both plaintiffs. On appeal from the trial court, the
appellate court stated, "Bluntly put, it seems clear that but for the recklessly joined
pursuit by the victim's off-duty detective father and his colleague Detective Bocardo, the
injury and death here would not have occurred."**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 84.

**85. The Garcia foray was not the last occasion that Bocardo engaged in misconduct. In
2006, Tristan Scaggs alleged that Bocardo shot him in the back while he lay on the ground
unarmed. Two police officer eyewitnesses support Scagg's claim. See *People v. Scaggs*, No.
06 CR 26598.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 85.

**86. In 2011, Michael and Adrian Ayala sued Bocardo for excessive force. Bocardo and
his fellow officers handcuffed and interrogated the Ayala brothers after stopping them on
the street. When the Ayala brothers objected and told Bocardo that video cameras filmed
the police officer's conduct, police at the scene began beating them. *See Ayala v. Bocardo
et. al.*, No. 11 cv 6094.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 86.

**87. Bocardo was sued again in 2011 by Mario Zamora. In that case, Bocardo and his
fellow officers burst into Zamora's home and began searching it. Eventually, officers**

found a safe in Zamora's house and asked him to open it. When Zamora refused, an officer struck Zamora on the head causing him to fall into a chair. Officers then broke into the safe, destroying it. In an attempt to justify their unlawful search, police officers obtained a warrant to search after the fact. See Zamora v. Wier, No. 11 cv 07703.

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 87.

**88.      Lastly, in 2012, Gustavo Torres sued Bocardo for false imprisonment. In that case, Bocardo, dressed in civilian clothing, pulled a gun on Torres. Torres quickly entered a door of a nearby restaurant and was promptly arrested by Bocardo and his partner. Bocardo later found two guns near the bar and claimed that one of those guns belonged to Torres despite the fact that he never saw Torres with a gun. See Torres v. Perez et. al., No. 12 cv 10402.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 88.

**89.      Defendant Bocardo was never disciplined by the Chicago Police Department for any of the above-described misconduct.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 89.

**Answer to City of Chicago Policy and Practice of Prosecuting
Innocent Persons in Violation of Due Process**

**90.      The Chicago Police Department is responsible for scores of miscarriages of justice. Since 1986, no fewer than 70 documented cases have come to light in which Chicago Police Detectives amassed "evidence" against an innocent person for a serious crime that he did not commit. There are undoubtedly many more such cases that have not yet been discovered.**

**ANSWER:**      Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 90.

**91.      The false charges against innocent people include numerous cases in which Chicago Police Officers used the very same tactics that Defendants used against Plaintiff in this case, including: (1) procurement of false witness testimony; (2) concealment of exculpatory evidence; (3) manipulation of witnesses in order to obtain false identifications; (4) manipulation of witnesses in order to influence their testimony; and (5) employment of other tactics to secure the arrest, prosecution and conviction of persons**

**without regard to their actual guilt or innocence.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 91.

**92.     At all times relevant hereto, members of the Chicago Police Department, including the Defendants in this action, routinely manufactured evidence against innocent persons by coercing, manipulating, threatening, pressuring, and offering inducements to witnesses to provide false statements implicating innocent persons, knowing full well that those statements were false. As a matter of widespread custom and practice, members of the Chicago Police Department, including the Defendants in this action, contrived false witness narratives that were fed to vulnerable witnesses who then adopted those false witness narratives as their own for the purpose of wrongly convicting an innocent person. Furthermore, Chicago Police Department officers systematically suppressed exculpatory and/or impeaching material by concealing evidence that a witness had been coerced, manipulated, threatened, pressured or offered inducements to make false statements.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 92.

**93.     Consistent with the municipal policy and practice described in the preceding paragraph, employees of the City of Chicago, including the named Defendants, procured false testimony from witnesses knowing full well that their testimony was false and would lead to the wrongful conviction of Plaintiff. The improper tactics used to gain cooperation from these witnesses were concealed from Plaintiff.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 93.

**94.     At all times relevant hereto, members of the Chicago Police Department, including the Defendants in this action, systematically suppressed exculpatory and/or impeaching material by intentionally secreting discoverable reports, memos and other information in files that were maintained solely at the police department and were not disclosed to the participants of the criminal justice system. As a matter of widespread custom and practice, these clandestine files were withheld from the State's Attorney's Office and from criminal defendants, and they were routinely destroyed at the close of the investigation, rather than being maintained as part of the official file.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 94.

95. **Consistent with the municipal policy and practice described in the preceding paragraph, employees of the City of Chicago, including the named Defendants, concealed exculpatory evidence from Plaintiff.**

ANSWER: Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 95.

96. **At all times relevant hereto, members of the Chicago Police Department, including the Defendants in this action, routinely manipulated, tricked, lied to, and misled witnesses for the purpose of influencing their testimony to conform to a false narrative contrived by the officers themselves. As a matter of widespread practice and custom, these tactics were also used to induce false identifications of suspects.**

ANSWER: Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 96.

97. **Consistent with the municipal policy and practice described in the preceding paragraph, employees of the City of Chicago, including the named Defendants, manipulated, tricked, and improperly influenced the witnesses in this case to give false statements against Mr. Velez.**

ANSWER: Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 97.

98. **The City of Chicago and the Chicago Police Department routinely failed to investigate cases in which Chicago Police Detectives recommended charging an innocent person with a serious crime, and no Chicago Police Officer has ever been disciplined for misconduct in any such case.**

ANSWER: Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 98.

99. **Prior to and during 2001, the year in which Plaintiff was falsely charged with the Hueneca murder, the City of Chicago operated a dysfunctional disciplinary system for Chicago Police Officers accused of serious misconduct. The City's Office of Professional Standards almost never imposed significant discipline against police officers accused of violating the civil and constitutional rights of members of the public. The Chicago Police disciplinary apparatus included no mechanism for identifying police officers who were repeatedly accused of engaging in the same type of misconduct.**

ANSWER: Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 99.

**100.    As a matter of both policy and practice, municipal policy makers and department supervisors condoned and facilitated a code of silence with the Chicago Police Department. In accordance with this code, officers refused to report and otherwise lied about misconduct committed by their colleagues, including the misconduct at issue in this case.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 100.

**101.    As a result of the City of Chicago's established practice of not tracking and identifying police officers who are repeatedly accused of the same kinds of serious misconduct, failing to investigate cases in which the police are implicated in a wrongful charge or conviction, failing to discipline officers accused of serious misconduct and facilitating a code of silence within the Chicago Police Department, officers (including the Defendants here) have come to believe that they may violate the civil rights of members of the public and cause innocent persons to be charged with serious crimes without fear of adverse consequences. As a result of these policies and practices of the City of Chicago, members of the Chicago Police Department act with impunity when they violate the constitutional and civil rights of citizens.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 101.

**102.    Defendant Bocardo and others have a history of engaging in the kind of misconduct that occurred in this case, including the fabrication and concealment of evidence. Defendants engaged in such misconduct because they had no reason to fear that the City of Chicago and its Police Department would ever discipline them for doing so.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 102.

**103.    The City of Chicago and its Police Department failed in 2001 and in the years prior to provide adequate training to Chicago Police Detectives and other officers in any of the following areas, among others:**

    a.  **The constitutional requirement to disclose exculpatory evidence, including how to identify such evidence and what steps to take when exculpatory evidence has been identified, to ensure that the evidence is made part of the criminal proceeding.**

    b.  **The need to refrain from manipulative or potentially coercive conduct in relation to witnesses.**

  c. **The risks associated with relying on testimony from incentivized witnesses.**
  d. **The risks of wrongful conviction and the steps police officers should take to minimize risks.**
  e. **The risks of engaging in "tunnel vision" during an investigation.**
  f. **The need for full disclosure, candor, and openness on the part of all officers who participate in the police disciplinary process, both as witnesses and as accused officers, and the need to report misconduct committed by fellow officers.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 103.

**104. The need for police officers to be trained in these areas was and remains obvious. The City's failure to train Chicago Police Officers as alleged in the preceding paragraph proximately caused Plaintiff's wrongful conviction and his injuries.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 104.

**105. The City's failure to train, supervise, and discipline its officers, including repeat offenders such as Defendant Bocardo, effectively condones, ratifies, and sanctions the kind of misconduct that the Police Officer Defendants committed against Plaintiff in this case. Constitutional violations such as those that occurred in this case are encouraged and facilitated as a result of the City's practices and *de facto* polices, as alleged above.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 105.

106. **The City of Chicago and officials within the Chicago Police Department failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the pattern of misconduct. They thereby perpetuated the unlawful practices and ensured that no action would be taken (independent of the judicial process) to remedy Plaintiff's ongoing injuries.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 106.

**107. The policies and practices described in the foregoing paragraphs were consciously approved by the City of Chicago policymakers who were deliberately indifferent to the violations of constitutional rights described herein.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 107.

**Answer to Count I – 42 U.S.C. § 1983**
**Due Process: Fabrication of Evidence**
**Against Individual Defendants**

**108.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:** Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**109.    As described more fully above, Defendants, while acting individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial by fabricating false evidence against Plaintiff.**

**ANSWER:** To the extent paragraph 109 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 109.

**110.    In the manner described more fully above, Defendants fabricated, coerced, manipulated and/or solicited false testimony from witnesses implicating Plaintiff in the crime that they knew he did not commit; falsified police reports; obtained Plaintiff's conviction using that false evidence; and failed to correct fabricated evidence that they knew to be false when it was used against Plaintiff at his criminal trial.**

**ANSWER:** To the extent paragraph 110 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 110.

**111.    Defendants' misconduct resulted directly in the unjust criminal conviction of Plaintiff, thereby depriving him of his constitutional right to a fair trial guaranteed by the Fourteenth Amendment. Absent this misconduct, Plaintiff's prosecution could not, and would not, have been pursued.**

**ANSWER:** To the extent paragraph 111 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

**112.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to Plaintiff's rights, and in total disregard of the truth and Plaintiff's clear innocence.**

**ANSWER:**    To the extent paragraph 112 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 112.

**113.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great emotional pain and suffering, and other grievous and continuing injuries and damages.**

**ANSWER:**    To the extent paragraph 113 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 113.

**114.    The misconduct described in this Count by the Defendant Officers was undertaken pursuant to the policy and practice of the Chicago Police Department, in the manner more fully described below, in Count VI.**

**ANSWER:**    To the extent paragraph 114 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 114.

**Answer to Count II – 42 U.S.C. § 1983**
**Due Process: *Brady* Violations**
**Against Individual Defendants**

**115.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**116.    As described in detail above, the Defendant Officers, while acting individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial by withholding and suppressing exculpatory evidence. In the manner described more fully**

**above, the Defendant Officers deliberately withheld exculpatory evidence from Plaintiff and from the prosecution, among others, thereby misleading and misdirecting the criminal prosecution of Plaintiff.**

**ANSWER:** To the extent paragraph 116 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 116.

**117. In addition, in the manner described more fully above, the Defendant Officers knowingly fabricated and solicited false evidence implicating Plaintiff in the crime; obtained Plaintiff's conviction using that false evidence; and failed to correct fabricated evidence that they knew to be false when it was used against Plaintiff at his criminal trial.**

**ANSWER:** To the extent paragraph 117 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

**118. The Defendant Officers' misconduct resulted directly in the unjust criminal conviction of Plaintiff, thereby denying his constitutional right to a fair trial guaranteed by the Fourteenth Amendment. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.**

**ANSWER:** To the extent paragraph 118 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 118.

**119. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.**

**ANSWER:** To the extent paragraph 119 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 119.

**120. As a result of the Defendant Officers' misconduct described in this Count, Plaintiff suffered loss of liberty, great emotional pain and suffering, and other grievous and continuing injuries and damages.**

**ANSWER:**    To the extent paragraph 120 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 120.

**121.    The misconduct described in this Count by was undertaken pursuant to the policy and practice of the Chicago Police Department, in the manner more fully described below in Count VI.**

**ANSWER:**    To the extent paragraph 121 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 121.

**Answer to Count III – 42 U.S.C. § 1983**
**Deprivation of Liberty without Probable Cause Against Defendant Officers**

**122.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**123.    In the manner described more fully above, the individual Defendants, individually, jointly, and in conspiracy with one another, and others, as well as under color of law and within the scope of their employment, used false evidence that they had manufactured in order to accuse Plaintiff of criminal activity and cause the deprivation of Plaintiff's liberty, without probable cause in violation of his rights secured by the Fourth and Fourteenth Amendments.**

**ANSWER:**    To the extent paragraph 123 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 123.

**124.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of the truth and Plaintiff's clear innocence.**

**ANSWER:**    To the extent paragraph 124 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 124.

**125.    As a result of the Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great emotional pain and suffering, and other grievous and continuing injuries and damages.**

**ANSWER:**    To the extent paragraph 125 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 125.

**126.    The misconduct described in this Count by these Defendants was undertaken pursuant to the policy and practice of the Chicago Police Department, in the manner more fully described below in Count VI.**

**ANSWER:**    To the extent paragraph 126 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 126.

### Answer to Count IV – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights Against Individual Defendants

**127.    Plaintiff incorporates each paragraph of this complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**128.    Defendants, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to frame Plaintiff for a crime he did not commit and deprive him of his constitutional rights by maliciously causing Plaintiff's prosecution, by fabricating evidence that would be used to convict Plaintiff; and by withholding exculpatory information from Plaintiff's defense and the prosecution, as described above.**

**ANSWER:**    To the extent paragraph 128 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 128.

**129.    In the alternative, the Defendant Officers, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to frame Plaintiff for a crime he did not commit and deprive him of his constitutional rights by maliciously causing Plaintiff's prosecution, by fabricating evidence that would be used to**

30

convict Plaintiff; and by withholding exculpatory information from Plaintiff's defense and the prosecution, as described above.

**ANSWER:** To the extent paragraph 129 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129.

**130. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.**

**ANSWER:** To the extent paragraph 130 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130.

**131. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.**

**ANSWER:** To the extent paragraph 131 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 131.

**132. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.**

**ANSWER:** To the extent paragraph 132 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

**133. As a result of Defendants' misconduct described in this count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.**

**ANSWER:** To the extent paragraph 133 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 133.

**Answer to Count V – 42 U.S.C. § 1983**
**Failure to Intervene Against Individual Defendants**

**134.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**135.    During the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.**

**ANSWER:**    To the extent paragraph 135 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 135.

**136.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's innocence.**

**ANSWER:**    To the extent paragraph 136 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 136.

**137.    As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered loss of liberty, great emotional pain and suffering, and other grievous and continuing injuries and damages.**

**ANSWER:**    To the extent paragraph 137 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 137.

138.    **The misconduct described in this Count by Defendant Officers was undertaken pursuant to the policy and practice of the Chicago Police Department, in the manner**

more fully described below in Count VI.

**ANSWER:** To the extent paragraph 138 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 138.

### Answer to Count VI – 42 U.S.C. § 1983
### Municipal Liability Against Defendant City of Chicago

**139.** **Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:** Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**140.** **As described more fully herein, the City of Chicago is itself liable for the violation of Plaintiff's constitutional rights. Plaintiff's injuries were caused by the policies, practices, and customs of the Chicago Police Department, in that employees and agents of the Chicago Police Department, including Defendants in particular, regularly failed to disclose exculpatory evidence to criminal defendants, fabricated false evidence implicating criminal defendants in criminal conduct, pursued wrongful convictions through profoundly flawed investigations, and otherwise violated due process in a similar manner to that alleged herein.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 140.

**141.** **This institutional desire to close cases through abusive tactics regardless of actual guilt or innocence, to enhance police officers' personal standing in the Department, was known to the command personnel, who themselves participated in the practice.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 141.

**142.** **The above-described widespread practices, which were so well-settled as to constitute the de facto policy of the Chicago Police Department, were allowed to exist because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it. Furthermore, the above-described widespread practices were allowed to flourish because the Chicago Police Department declined to implement sufficient training or any legitimate mechanism for oversight or punishment of officers and agents who withheld material evidence, fabricated false evidence and witness testimony, and pursued wrongful convictions.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 142.

**143. The constitutional violations described in this Complaint were also undertaken pursuant to the policy and practices of the Chicago Police Department in that the constitutional violations were committed with the knowledge or approval of persons with final policymaking authority for City of Chicago and the Chicago Police Department.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 143.

**144. Chicago police officers who manufactured criminal cases against individuals such as Plaintiff had every reason to know that they not only enjoyed *de facto* immunity from criminal prosecution and/or Departmental discipline, but that they also stood to be rewarded for closing cases no matter the costs. In this way, this system proximately caused abuses, such as the misconduct at issue in this case.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 144.

**145. The policies, practices, and customs set forth above were the moving force behind the numerous constitutional violations in this case and directly and proximately caused Plaintiff to suffer the grievous and permanent injuries and damages set forth above.**

**ANSWER:** Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 145.

**Answer to Count VII – State Law Claim**
**Intentional Infliction of Emotional Distress Against Individual Defendants**

**146. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:** Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**147. In the manner described more fully above, Defendants engaged in extreme and outrageous conduct.**

**ANSWER:** To the extent paragraph 147 relies upon allegations made in preceding

paragraphs, Defendant Goldish restates her answers to those allegations as if fully restated here. To the extent paragraph 147 alleges conduct by Defendant Goldish, Defendant Goldish denies those allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147.

**148.    The Defendants either intended that their conduct would cause severe emotional distress to Plaintiff or knew that there was a high probability that their conduct would cause severe emotional distress to Plaintiff.**

**ANSWER:**    To the extent paragraph 148 alleges conduct by Defendant Goldish, Defendant Goldish denies those allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148.

**149.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.**

**ANSWER:**    To the extent paragraph 149 alleges conduct by Defendant Goldish, Defendant Goldish denies those allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149.

**150.    As a proximate result of this misconduct, undertaken within the scope of Defendants' employment, Plaintiff suffered injuries, including but not limited to severe emotional distress.**

**ANSWER:**    To the extent paragraph 150 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations. Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150.

**Answer to Count VIII – State Law Claim Malicious Prosecution Against Defendant Officers**

**151.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint as if fully restated here.

**152.    The individual Defendants caused Plaintiff to be improperly subjected to judicial**

proceedings for which there was no probable cause. These judicial proceedings were instituted and continued with malice and resulted in injury to Plaintiff. All such proceedings were ultimately terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER:** To the extent paragraph 152 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 152.

**153.** The Defendants accused Plaintiff of murder, knowing that he was innocent of the crime. All of the individual Defendants fabricated evidence, coerced and manipulated witnesses, and withheld material exculpatory evidence. The law enforcement officer Defendants knowingly made false statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings against Plaintiff.

**ANSWER:** To the extent paragraph 153 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 153.

**154.** As described more completely above, Defendant Goldfish would not have prosecuted Plaintiff but for the involvement and encouragement of the Defendant Officers. Indeed, Defendant Goldfish would never have prosecuted the case without having at least one police officer available to document and testify to the version of events that led to the initiation of charges against Plaintiff.

**ANSWER:** Defendant Goldish denies the allegations in paragraph 154.

**155.** Defendant Goldfish needed the Defendant Officers to back up the fabricated charges against Plaintiff. Without the involvement, agreement, and falsifications of the Defendant Officers, Defendant Goldfish would never have initiated or continued the false charges against Plaintiff.

**ANSWER:** Defendant Goldish denies the allegations in paragraph 155.

**156.** The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendant Goldish denies the allegations in paragraph 156.

**157.** As a direct and proximate result of this misconduct, undertaken within the scope of Defendants' employment, Plaintiff suffered injuries, including, but not limited to, emotional distress.

**ANSWER:**    To the extent paragraph 157 alleges conduct by Defendant Goldish, Defendant Goldish denies the allegations.  Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157.

### Answer to Count IX – State Law Claim Respondeat Superior Against Defendants City of Chicago and Cook County

**158.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint as if fully restated here.

**159.    In committing the acts alleged in the preceding paragraphs, the Defendant City Police Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

**160.    Defendant City of Chicago is liable as principal for all torts committed by its agents.**

**ANSWER:**    Defendant Goldish is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

**161.    In committing the acts alleged in the preceding paragraphs, Defendant Goldish was a member of, and agent of, the Cook County State's Attorney's Office, acting at all relevant times within the scope of her employment and under color of law.**

**ANSWER:**    Defendant Goldish admits she was a member of, and limited agent of, the Cook County State's Attorney's Office, acting at all relevant times within the scope of her employment and under color of law.  Defendant Goldish denies committing any wrongful acts and denies the remaining allegations in paragraph 161.

**162.    In committing the acts alleged in the preceding paragraphs, Defendants Sullivan and Davis were members of, and agents of, the Cook County Sheriff's Police Department, acting at all relevant times within the scope of their employment and under color of law.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 162.

**163.     Defendant Cook County Sheriff Thomas J. Dart is liable as a principal for all torts committed by his agents.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 163.

**164.     Defendant Cook County is liable as principal for all torts committed by its agents.**

**ANSWER:**     Defendant Goldish admits Defendant Cook County has obligations under the

concept of respondeat superior, but denies this statement accurately states the duties of

Defendant Cook County.

**Answer to Count X – State Law Claim Civil Conspiracy Against Individual Defendants**

**165.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**     Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**166.     As described more fully in the preceding paragraphs, each of the individual Defendants acting in concert with one another and other co-conspirators, known and unknown, conspired to accomplish an unlawful purpose by unlawful means.**

**ANSWER:**     To the extent this paragraph refers to or relies upon allegations made in previous

paragraphs, Defendant Goldish restates her previous answers to those paragraphs as if fully

restated here.  To the extent paragraph 166 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations.  Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 166.

**167.     In the alternative, as described more fully in the preceding paragraphs, each of the Defendant Officers acting in concert with one another and other co-conspirators, known and unknown, conspired to accomplish an unlawful purpose by unlawful means.**

**ANSWER:**     To the extent paragraph 167 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 167.

**168.    In furtherance of the conspiracy, the Defendants each committed overt acts and were otherwise willing participants in joint activity.**

**ANSWER:**    To the extent paragraph 168 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 168.

**169.    The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.**

**ANSWER:**    To the extent paragraph 169 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 169.

**170.    As a direct and proximate result of this misconduct, Plaintiff suffered injuries, including, but not limited to, emotional distress.**

**ANSWER:**    To the extent paragraph 170 alleges conduct by Defendant Goldish, Defendant

Goldish denies the allegations. Defendant Goldish is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 170.

**Answer to Count XI – State Law Claim Indemnification Against Defendants City of Chicago and Cook County**

**171.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.**

**ANSWER:**    Defendant Goldish incorporates her answers to each paragraph of this Complaint

as if fully restated here.

**172.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.**

**ANSWER:**    Defendant Goldish denies that Plaintiff has set forth an accurate depiction of the

scope of a public entity's liability for indemnification under the law and, therefore, denies the

allegations in paragraph 172.

**173.     The City Police Defendant Officers are, or were, employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.**

**ANSWER:**     Defendant Goldish, on information and belief, admits that the City Police

Defendant Officers were employees of the Chicago Police Department during the relevant time

period.  Defendant Goldish is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 173.

**174.     The City is liable to indemnify any compensatory judgment awarded against the Defendant Officers.**

**ANSWER:**     Defendant Goldish is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 174.

**175.     Defendant Cook County was, at all times material to this complaint, the employer of Defendants Goldish, Sullivan, and Davis, and is therefore responsible for any judgment entered against Defendants Goldfish, Sullivan, and Davis during said employment with the County, making the County a necessary party to this complaint.**

**ANSWER:**     Defendant Goldish admits that Cook County was her employer at all relevant

times**,** but denies committing any acts which would result in liability to Plaintiff.  Defendant

Goldish is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 175.

**176.     Defendant Cook County Sheriff Thomas J. Dart was, at all times material to this complaint, the employer of Defendants Sullivan and Davis, and is therefore responsible for any judgment entered against Defendants Sullivan and Davis during said employment with Cook County Sheriff's Department, making the Cook County Sheriff Thomas J. Dart a necessary party to this complaint.**

Defendant Goldish is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 176.

**AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

2. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

3. As to Plaintiff's state law claims, a public employee is not liable for her act or omission in the execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Megan Goldish was a public employee, who at all times material to the events alleged in Plaintiff's Complaint, acted without willful and wanton conduct and is therefore not liable to Plaintiff. Because Megan Goldish is not liable to Plaintiff, the County is not liable to Plaintiff. 745 ILCS 10/2-109

4. As to Plaintiff's state law claims, a public employee, acting within the scope of her employment is not liable for any injury caused by the act or omission or another person. 745 ILCS 10/2-204. Megan Goldish was a public employee, who at all times material to the events alleged in Plaintiff's Complaint, acted within the scope of her employment and is therefore not liable for the acts or omissions of other people. Because Megan Goldish is not liable to Plaintiff, the County is not liable to Plaintiff. 745 ILCS 10/2-109.

5. As to Plaintiff's state law claims, Goldish is not liable for any of these claims

alleged because a public employee is not liable for injury caused by her instituting or prosecuting any judicial or administrative proceeding within the scope of her employment, unless she acts maliciously and without probable cause. 745 ILCS 10/2-208 (2014). Because Goldish is not liable to Plaintiff, the County is not liable to Plaintiff. 745 ILCS 10/2-109.

6.     As to Plaintiff's state law claims, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from her act or omission in determining policy when acting in the exercise of such discretion even if abused. 745 ILCS 10/2-201. Goldish is a public employee serving in a position involving the exercise of discretion and is not liable for any injury resulting from such exercise of discretion. Because Goldish is not liable to Plaintiff, the County is not liable to Plaintiff. 745 ILCS 10/2-109.

7.     At all relevant times, Megan Goldish was an Assistant State's Attorney working for the Cook County State's Attorneys' Office. In this capacity, she performed acts toward initiating a prosecution and presenting the State's case. Because the conduct complained of on the part of ASA Goldish arises out of the initiation and prosecution of criminal charges, Plaintiff's claims are barred on the basis of absolute prosecutorial immunity. *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

8.     At all relevant times, Megan Goldish was an Assistant State's Attorney working for the Cook County State's Attorneys' Office. To the extent any of her actions are not protected by absolute prosecutorial immunity, she is protected by qualified immunity as

her actions were at all times proper in light of clearly established law.

9.  Plaintiff's claims against Megan Goldish are really claims against a State official based upon her actions as an Assistant State's Attorney, functions that fall within the scope of her employment and authority as an Assistant State's Attorney. *Murphy v. Smith,* 844 F.3d 653, 658-9 (7th Cir. 2016), *aff'd,* 138 S. Ct. 784, 200 L. Ed. 2d 75 (2018).

10. Plaintiff's claims against Megan Goldish relate to the initiation of charges against and the criminal prosecution of Plaintiff. The State's Attorney is the constitutional officer vested with exclusive discretion in the initiation and management of a criminal prosecution. The prosecution of Plaintiff's case is therefore, well within the scope of the State's Attorney's authority. The Illinois Court of Claims has sole and exclusive jurisdiction over Plaintiff's state law claims against Megan Goldish. *Stevenson v. City of Chicago*, No. 17 CV 4839, 2018 WL 1784142, at *13-*14 (N.D. Ill. Apr. 13, 2018) (St. Eve, J.) (citing *Murphy,* 844 F.3d at 657-9; *Garcia v. City of Chicago, Ill.,* 24 F.3d 966, 969 (7th Cir. 1994); 705 ILCS 505/8(d)).

## **JURY DEMAND**

Defendant Goldish hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues triable.

**WHEREFORE**, Defendant Goldish respectfully request judgment in her favor and against Plaintiff on all counts and claims in the complaint, dismissal of this case with prejudice, an award of costs, attorneys' fees, and such further relief as this court deems just and equitable.

**Dated:  February 14, 2020**                         Respectfully Submitted,

                                                                    *MEGAN GOLDISH,*

                                                                     /s/ Kenneth M. Battle
                                                                    One of Her Attorneys


Kenneth M. Battle
Winnefred A. Monu
Jessica Gomez-Feie
O'CONNOR & BATTLE, L.L.P.
20 N. Clark St., Suite 1600
Chicago, IL 60602
312-786-4600
kbattle@mokblaw.com

## **CERTIFICATE OF SERVICE**

        I, Kenneth M. Battle, an attorney, certify that a copy of the attached instrument was served via electronic case filing to all parties of record, on this 14th day of February, 2020.


                                                    /s/ Kenneth M. Battle