IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VELEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 8144 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The individual police officer defendants, Michael Bocardo, Michael Dyra, John A. Cruz, Sam Cirone, Patrick O'Donovan, Kriston Kato, Bradul A. Ortiz, Michael J. Walsh, Victor M. Perez, Donald Wolverton, Joseph Botwinski, Allen Jaglowski, Denis Walsh, and John Farrell, have moved for a Protective Order that would allow them to defer answering discovery into their personal financial information until a later date essentially of their choosing. [Dkt. #159]. They insist that the requested discovery is not "reasonably calculated to lead to the discovery of admissible evidence" and that it is not "proportional to the needs of this case" within the meaning of Rule 26(b)(1) and "serves no purpose." [Dkt. #159 at 4, 8]. But "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *See also Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020).[1]

---

[1] The concept of proportionality did not make its first appearance in the Federal Rules of Civil Procedure with the 2015 Amendments. It originally appeared as part of Rule 26(b)(2)(C)(iii). *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114 (S.D.N.Y. 2016); *Certain Underwriters at Lloyds v. Nat'l RR Passenger Corp.,* 318 F.R.D. 9, 14 (E.D.N.Y. 2016). Renumbering the proportionality requirement and placing it in Rule 26(b)(1) was designed to put a greater emphasis on the need to achieve proportionality than was thought to previously have existed given its placement in the structure of Rule 26. *Eramo v. Rolling Stone*

(continued...)

Plaintiff issued the interrogatories and document requests at issue asking for information regarding defendants' finances on July 15, 2019 [Dkt. #159-1,#159-3]. The defendants' responses, and objections, while due August 15, 2019, were not submitted until October 9, 2019 [Dkt. #159-2, at 12]. As to their financial worth, defendants objected: "Defendant further objects to this interrogatory as he has not yet determined whether he will assert the inability to pay defense." [Dkt. #159-2, ¶ 7]. Thereafter, there were a number of email exchanges: the plaintiff supported the request with case law citations and development and advanced arguments supporting the discovery request. The defendants essentially took the position that the requests were improper. In short, they simply reiterated and reaffirmed their original position. Their response to plaintiff was the following: "The parties are at impasse on this matter, as they disagree regarding whether net worth is discoverable if a defendant does not assert an inability to pay defense to punitive damages." [Dkt. #159-4, at Page 4/6]. This, despite plaintiff's offer of a compromise in which the parties would agree to defer this discovery on terms that would not prejudice plaintiff. [Dkt. #159-4, at Page 4/6]. In other words, until a date certain, as opposed to leaving the decision of whether and when to comply with defendants. [Dkt. # 162, at 2]. By comparison, the plaintiff and the county officer defendants were able to reach a compromise on deferring this type of discovery back on April 21, 2020. [Dkt. #124].

If it is not the defendants' wish to defer this discovery until trial, that is surely the result of its objection to the motion if it were sustained, for only then would it become known whether defendants would raise an inability to pay as a defense to a punitive damages claim. [Dkt. #159, at

---

[1](...continued)
*LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). The renumbering of the proportionality requirement was thought to restore and emphasize the role proportionality was to play in discovery. *Boehringer Ingelheim Pharma GMBH & Co. KG v. Teva Pharm. USA, Inc.*, 2016 WL 11220848, at *3 (D.N.J. 2016). *See* the lengthy and informative discussion in Linda Simard, *Seeking Proportional Discovery: The Beginning of the End of Procedural Uniformity in Civil Rules*, 71 Vanderbilt L.Rev., 1919 (2018).

4-6]. That, of course, would be inefficient and untimely. A deferral along the lines implicit in the defendants' position is not only unworkable and unacceptable, but would be antithetical to the core purposes underlying the discovery provisions of the Federal Rules of Civil Procedure, which is to avoid what Wigmore called "trial by ambush." *See Apollo v. Stasinopoulos,* 2021 WL 229654, at *1 (N.D. Ill. 2021). The particular discovery at issue is not premature as the defendants suggest. This case is over two years old. Defendants' responses – and objections to the discovery request – were due August 15, 2019. Their responses and objections were two months late, meaning, *technically*, they waived these objections. *See, e.g., Martinez v. Cook Cty.*, 2012 WL 6186601, at *3 (N.D. Ill. 2012); *Buonauro v. City of Berwyn*, 2011 WL 116870, at *4 (N.D. Ill. 2011)(failure to object to request for production in timely manner is a waiver); *Schloss v. City of Chicago*, 2020 WL 4339282, at *4 (N.D. Ill. 2020); *Woods v. Cook County*, 2014 WL 7261277, at *2 (N.D. Ill. 2014); *Martinez v. Cook County*, 2012 WL 6186601, at *3 (N.D. Ill. 2012). It is now a year and a half since the discovery requests were served. As such, defendants have already had a lengthy *de facto* protective order against the plaintiff's not unreasonable requests.

The main case on which defendants rely to support their request for what amounts to an indefinite delay is *Lanigan v. Babusch*, 2011 WL 5118301 (N.D. Ill. 2011). But that case does not fortify their position or resolve the issue. Apart from the fact that an isolated decision by a magistrate judge on a discovery matter in one case is not controlling precedent for another case on that point, *Doe v. Society of Missionaries of Sacred Heart*, 2014 WL 1715376 at *2 (N.D.Ill. 2014), *Lanigan* was just four months old at the time the magistrate judge was faced with the question of

whether to grant a request to compel information relating to the defendant's net worth.[2] The court noted that a party's net worth was not discoverable unless there were sufficient allegations in the Complaint to warrant the inquiry. The court found that the issue of punitive damages was not sufficiently raised by the allegations in the Complaint, and thus the court denied without prejudice the request for information about the defendants' net worth, postponing until a bit later that inquiry. Contrary to the defendants' brief, *Lanigan* made no reference to *deferring* discovery until adjudication of a qualified immunity defense. The defendants have given no hint of asserting any such defense in this case – a case that, it bears repeating, is now over two years old. Moreover, unlike the plaintiff in *Lanigan*, who made only "broad, conclusory allegations," 2011 WL 5118301, at *4, plaintiff here has made detailed allegations in support of his punitive damage claim. [Dkt. # 108, Pars. 30-72]. Thus, even if *Lanigan* were controlling, it would dictate that the discovery that is here sought should be granted.

And, as plaintiff suggests, what if defendants manipulate assets in the interim to avoid a punitive damages award? [Dkt. #162, at 8]. Using the county defendants as a comparison, those defendants agreed "to retrieve, collect, and preserve all hard copy and electronic documents regarding their net worth that they presently have in their possession, custody, or control, and retrieve, collect, and preserve such information on a continuing basis until the conclusion of the litigation to ensure that is available for use in the litigation." [Dkt. #124, ¶. 2(e)]. Defendants have

---

[2] Given the highly discretionary nature of discovery decisions, a single decision by a district court is not necessarily outcome determinative in another case. Indeed, two judges on the same set of facts can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *Mejia v. Cook County, Ill.,* 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

made no such offer or compromise. Based on the parties' submissions and all that has gone on before, the defendants' request for a stay of this discovery for an indeterminate time (apparently one of their choosing) ought not be granted. Accordingly, the motion [Dkt. #159] is denied. However, the materials produced are to be provided under an "Attorneys Eyes Only" designation and shall not be used, discussed, or seen by anyone except counsel of record in the case until further order of court.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/29/21