# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

November 13, 2020

*Via Electronic Mail*

Robin Shoffner
Shneur Nathan
Avi Kamionski
Christopher Wallace
Nathan & Kamionski LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603

Marion Moore
City of Chicago
Department of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602
marion.moore@cityofchicago.org

Re:     *Velez v. City of Chicago, et al.*

Dear Counsel:

We write to request the City's production of homicide and CR file production to support Plaintiff's *Monell* claim in response to Request Nos. 11-13 of Plaintiff's second set of requests for production.

Although we believe a broad category of citywide homicide files and CR files are relevant and appropriately produced to prove Plaintiff's *Monell* claim, we are willing to negotiate and narrow our request for production in this case to something that can satisfy Plaintiff's needs to prove his *Monell* claim, while limiting any concerns about burden. Given Plaintiff's burden of proof, the minimum number of years of homicide files and CR files that Plaintiff can agree to accept without a stipulation from the defense as to the representativeness of the sample is 7 years. We would be willing to agree to a shorter time frame, but only if the City is willing to stipulate as to the representative nature of the sample. Thus, we ask the City to produce Area 4 homicide files for the 7-year period leading up to Plaintiff's arrest, and all CR files for officers assigned to Area 4 during the same 7-year time period. The principle is this: the City cannot have its cake and eat it, too, by denying Plaintiff a large enough sample of files, and then using that limitation to argue that Plaintiff did not obtain enough files for an expert review.

Should the City decline to agree to this production, we will be forced to move the Court to compel 7 years of Area 4 homicide files and all CR files for Area 4 detectives who worked at Area 4 during the same 7-year time period.

Exhibit 2 at 001

Please let us know when you are available to discuss these issues next week. Plaintiff proposes a Rule 37.2 conference on November 16 or 17.

Sincerely,

Ruth Brown
*Counsel for Plaintiff*

cc: Counsel of Record

Exhibit 2 at 002



## Velez v. City of Chicago

**Robin Shoffner** <rshoffner@nklawllp.com>                    Wed, Nov 18, 2020 at 4:01 PM
To: Ruth Brown <ruth@loevy.com>
Cc: Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, JRock@rfclaw.com, Kara Hutson <khutson@rfclaw.com>, lwhite@rfclaw.com, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Ruth -

I am writing in response to your request for the City to produce 7 years of homicide and CR files from Area 4 in support of Plaintiff's Monell claim.  As you know, the court has not ruled on the City's motion to bifurcate *Monell* claims and stay discovery.  As a result, the City believes it is premature to engage in this discovery at this time. Once we receive a ruling on the pending motion, perhaps that will be a more appropriate time to meet and confer on this issue.

Sincerely,
Robin Shoffner
[Quoted text hidden]


--
Robin D. Shoffner
Nathan & Kamionski LLP
33 West Monroe, Suite 1830
Chicago, IL 60603
email: rshoffner@nklawllp.com
phone: (312) 612-1086

Exhibit 2 at 003


## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                          Wed, Nov 18, 2020 at 4:22 PM
To: Robin Shoffner <rshoffner@nklawllp.com>
Cc: Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion"
<marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>,
Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan
<sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia
<mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller
<Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States
Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie
<jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy
<JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, JRock@rfclaw.com, Kara Hutson
<khutson@rfclaw.com>, lwhite@rfclaw.com, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton
<hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin,

Thanks for this response.  However, the City has not obtained a stay of *Monell* discovery in this case, and thus we
continue to request production -- as we must do to avoid prejudice to our client, who is facing a fact discovery closure
date of August 1.  We thus propose that the parties do indeed confer on the scope of the homicide and CR files to be
produced.  If we are able to reach agreement on the scope of the discovery, we are open to discussing with you as part of
that agreement an appropriate timeframe for production.

Please let us know when you are available to confer on this matter tomorrow or Friday.  If the City's position remains
unchanged, we will plan to file a motion to compel to avoid prejudice to our client, and will be forced to note the City's
refusal to confer with us on the scope of this discovery.

Thanks,
Ruth

[Quoted text hidden]

Exhibit 2 at 004



## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                    Tue, Nov 24, 2020 at 10:58 AM
To: Robin Shoffner <rshoffner@nklawllp.com>
Cc: Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, JRock@rfclaw.com, Kara Hutson <khutson@rfclaw.com>, lwhite@rfclaw.com, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin:

Thanks for speaking with me yesterday about this topic. To memorialize our conversation, the City expressed its position that *Monell* discovery is premature before a ruling on bifurcation. The City further stated that it would need more information from Plaintiff about the nature of his Monell claims and the exact homicide and CR files requested. Plaintiff offered that he would be willing to discuss the substance of his Monell claims and the nature of the files requested. The City indicated that its position on prematurity was final. The City also asked Plaintiff to defer the issue until after the New Year to allow for additional time for a bifurcation ruling to come in. Plaintiff said he would consider the City's proposal and let the City know.

Please let me know if I have inadvertently mischaracterized any of our discussions, and otherwise, I hope you have a restful holiday.

Thanks,
Ruth

[Quoted text hidden]

Exhibit 2 at 005


## Velez v. City of Chicago

**Robin Shoffner** <rshoffner@nklawllp.com>                    Tue, Nov 24, 2020 at 12:05 PM
To: Ruth Brown <ruth@loevy.com>
Cc: Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, JRock@rfclaw.com, Kara Hutson <khutson@rfclaw.com>, lwhite@rfclaw.com, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Ruth -

Yes, this summarizes the substance of our discussion related to our objection to proceeding with Monell discovery.   In addition, because of the high cost and demand this discovery would place on city employees during a pandemic, we think it best to hold off on ALL Monell discovery as opposed to begin a piece-meal process. If you have any further issues regarding Monell discovery, please call me to continue our meet and confer.  Thank you and have a nice Thanksgiving holiday.

Robin

[Quoted text hidden]

Exhibit 2 at 006



## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                          Mon, Nov 30, 2020 at 5:23 PM
To: Kara Hutson <khutson@rfclaw.com>
Cc: Robin Shoffner <rshoffner@nklawllp.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Will do, Kara.

Robin, given Judge Chang's ruling today, can we revisit the City's position on homicide and CR file discovery?  We sent you Plaintiff's proposal on November 13th.  If the City continues to stand on its objections to producing any homicide and CR files for Monell purposes, kindly let us know.  If not, we'd ask you to provide any counterproposal that the City has by email this week, and then we can set up another call. Let us know if that works.

Ruth

[Quoted text hidden]

Exhibit 2 at 007


## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                             Fri, Dec 11, 2020 at 2:57 PM
To: Kara Hutson <khutson@rfclaw.com>
Cc: Robin Shoffner <rshoffner@nklawllp.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin,

Following up on my email below - can you please let us know the City's proposal, and can we set up a time to confer?

Thanks,
Ruth
[Quoted text hidden]

Exhibit 2 at 008



## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                                  Mon, Dec 14, 2020 at 7:43 PM
To: Kara Hutson <khutson@rfclaw.com>
Cc: Robin Shoffner <rshoffner@nklawllp.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin,

Is the City willing to confer on the substance of the parties' CR file and homicide file dispute?  Of course, as I'm sure you can anticipate, Plaintiff's position is that the City should confer on this matter because bifurcation has been denied and the City has not received a stay on Monell discovery.  We hope that you are willing to confer, though we understand the City may have a different perspective.  Please let us know one way or another by the close of business on Wednesday.

Thanks,
Ruth
[Quoted text hidden]

Exhibit 2 at 009

 

## Velez v. City of Chicago

**Robin Shoffner** <rshoffner@nklawllp.com>                                      Wed, Dec 16, 2020 at 10:21 AM
To: Ruth Brown <ruth@loevy.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Ruth -
Yes, by all means, the City is willing to meet and confer on the substance of the parties' CR file and homicide dispute.  I am available on  Friday 12/18 (in the afternoon) or Monday 12/21 at any time.  Please let me know what works for you.

Robin
[Quoted text hidden]

Exhibit 2 at 010


## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                      Fri, Dec 18, 2020 at 1:33 PM
To: Robin Shoffner <rshoffner@nklawllp.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin,

Here is a call-in number for our call at 2pm.

1-605-472-5202
Access Code: 469474
Host Pin: 5908 (Loevy will host)

Sincerely,
Ruth

[Quoted text hidden]

Exhibit 2 at 011

 

## Velez v. City of Chicago

**Robin Shoffner** <rshoffner@nklawllp.com>                    Wed, Dec 23, 2020 at 10:54 AM
To: Ruth Brown <ruth@loevy.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Ruth -

In light of the court's ruling denying the City's motion to reconsider bifurcation, I am prepared to meet and confer regarding the scope of Monell discovery including, but not limited to, the production of the CR and Area Four homicide files.   I am available on Jan. 5 or 6 at any time.  In summary, you have requested Area 4 homicide files over a seven-year period.  As we discussed, you suggested that Plaintiff may agree to a shorter period of time (perhaps 5 years) of homicide files provided the City  stipulates to the sample size in the form of a certification.  I will be prepared to address this issue with you during our meet and confer.  If I am mistaken on this point or if you have any other specific issues you would like me to address, please let me know in advance of our meeting.

Thank you and have a nice holiday.

Robin
[Quoted text hidden]

Exhibit 2 at 012



## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                    Mon, Dec 28, 2020 at 8:00 AM
To: Robin Shoffner <rshoffner@nklawllp.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin,

I hope that you had a lovely holiday.  Let's do January 6th at 3pm.  I think your summary of our call is accurate - I said that Plaintiff is open to compromise with the City on fewer years of homicide files, but that we would need the City to agree not to turn around and try to exploit the narrower, agreed production of homicide files by taking the position at trial that our expert did not review enough homicide files, and thus stipulate to the representativeness of the files produced/reviewed.  I indicated that we would be open to considering any carve-outs from the homicide files that the City wanted to propose.  You asked whether the carve-outs would be subject to the same stipulation, and I answered in the affirmative.  You indicated that that seemed reasonable, but that you would have to first discuss with your client before providing the City's position.  We didn't discuss the form of any such stipulation, but we are open to your thoughts on that matter.  I look forward to discussing with you on the 6th.

We can use this call-in number:
[Quoted text hidden]
[Quoted text hidden]

Exhibit 2 at 013



## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                              Wed, Jan 6, 2021 at 3:25 PM
To: Robin Shoffner <rshoffner@nklawllp.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Robin et al,

Thanks for the call earlier today.  To memorialize our conversation, the City stated that it was unable to provide a proposal without more information about the relevance of the homicide files to the Monell claims in this action; Plaintiff gave a summary, discussing eyewitness manipulation, fabrication, evidence suppression, and training/supervision theories, and agreed to provide a more detailed explanation in writing, after which it is my understanding that the City will make a proposal. The City also indicated that it is not willing to stipulate that the files produced are representative of its policies and practices.  Thus, our understanding is that the City intends to reserve for itself the opportunity to argue at trial that not enough files were produced for expert review.

Kind regards,
Ruth
[Quoted text hidden]

Exhibit 2 at 014



## Velez v. City of Chicago

**Robin Shoffner** <rshoffner@nklawllp.com>                    Wed, Jan 6, 2021 at 3:54 PM
To: Ruth Brown <ruth@loevy.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski <akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala <Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller <Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie <jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy <JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White <LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg <jennifer.blagg@yahoo.com>

Ruth -

We also discussed that in order to determine the scope of Monell discovery, plaintiff needs to state with specificity, the precise  Monell claims and the relevance of the Area 4 homicide files to those claims.  Please detail the specifics of the Monell claims that the plaintiff is pursuing against the City as set forth in City's Interrogatory Request No. 13.   In particular, to the extent the plaintiff claims the City withheld exculpatory evidence, please identify the police reports, witness statements or other information that was allegedly withheld.

In addition, while the City does not agree to stipulate to a specific timeframe being sufficient for a statistical analysis, it is premature at this point to make any assumptions without understanding the relevance of the plaintiff's request and the potential universe of documents that will be produced.

Thank you
Robin
[Quoted text hidden]

Exhibit 2 at 015

 

## Velez v. City of Chicago

**Ruth Brown** <ruth@loevy.com>                                                            Mon, Feb 8, 2021 at 11:50 AM
To: Robin Shoffner <rshoffner@nklawllp.com>
Cc: Kara Hutson <khutson@rfclaw.com>, Shneur Nathan <snathan@nklawllp.com>, Avi Kamionski
<akamionski@nklawllp.com>, "Moore, Marion" <marion.moore@cityofchicago.org>, Amanda Alcala
<Amanda@nklawllp.com>, Jennifer Alcala <jalcala@nklawllp.com>, Natalie Adeeyo <nadeeyo@nklawllp.com>, Matthew Mc
Carter <mmccarter@nklawllp.com>, Steven Borkan <sborkan@borkanscahill.com>, Krista Stalf <kstalf@borkanscahill.com>,
Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Christiane Murray <CMurray@borkanscahill.com>, Graham Miller
<Gmiller@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, "TIMOTHY HORVAT (States
Attorney)" <timothy.horvat@cookcountyil.gov>, Ken Battle <kbattle@mokblaw.com>, Jessica Gomez-Feie
<jgf@mokblaw.com>, Lisa Jackson <ljackson@mokblaw.com>, Winnefred Monu <wmonu@mokblaw.com>, Jim Novy
<JNovy@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Jay Rock <JRock@rfclaw.com>, Linda White
<LWhite@rfclaw.com>, Russell Ainsworth <russell@loevy.com>, Danielle Hamilton <hamilton@loevy.com>, jennifer blagg
<jennifer.blagg@yahoo.com>

Robin,

Please see the attached.  We believe the attached more than sufficiently sets out the relevance and importance of the
discovery sought, as courts in this district have repeatedly found.  Please provide the City's final position no later than
February 15th.

Thanks,
Ruth
[Quoted text hidden]

---

📄 **2020.02.08 letter to City re Monell discovery.pdf**
299K

Exhibit 2 at 016

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

February 8, 2021

*Via Electronic Mail*

Robin Shoffner
Shneur Nathan
Avi Kamionski
Christopher Wallace
Nathan & Kamionski LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603

Marion Moore
City of Chicago
Department of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602
marion.moore@cityofchicago.org

Re:     *Velez v. City of Chicago, et al.*

Dear Counsel:

We write in follow up to our correspondence on dates including November 13, November 30, and December 11, and our conferences of November 23 and December 18, to request the City's production of homicide and CR file production to support Plaintiff's *Monell* claim. We understand that the City has requested information about Plaintiff's *Monell* theories and how the homicide and CR files are relevant to those theories. For that reason, we have set forth the relevance in detail below, though we note that these explanations have been previously provided in numerous cases against the City such as *Sierra*, *Solache/Reyes*, *Prince*, *Bouto*, *Fields*, and *Rivera*, which are analogous to this case, and in which courts have recognized the relevance of the discovery.

We sincerely hope that you will reconsider your objection to the requested production. As indicated, we are open to considering other counter-proposals for narrowing that the City presents in a reasonable timeframe, with the caveat that the City must agree that the narrowed universe it prefers is a representative sample for purposes of the City's policies and practices. We do not believe that the City can fairly limit the size of the production and then use that limitation to argue at trial that we did not consider enough files. We understand that the City has declined to date to agree to such a stipulation, and thus we have no choice but to move the Court to compel the discovery if the City continues to decline to agree to a stipulation. Kindly let us know the City's final position by February 15, 2021.

Exhibit 2 at 017

### A. Homicide Files Discovery

The City has sought information regarding the relevance of homicide files to Plaintiff's *Monell* claims. As you are aware, this is an issue that has been litigated recently many times, including in *Sierra*, *Solache/Reyes*, *Prince*, and *Bouto*, in which judges have found homicide plainly relevant for *Monell* discovery in analogous cases. In addition, two federal juries have recently found in wrongful conviction cases analogous to this one, based on precisely such evidence, that the City's policies and customs caused the violation of the plaintiff's constitutional rights. *Rivera v. Guevara*, No. 12 C 4428 (N.D. Ill.); *Fields v. Chicago*, No. 10 C 1168 (N.D. Ill.).

As Judge Harjani put it in *Solache/Reyes*, he "ha[d] no trouble concluding that the Area Five homicide files in question are relevant to Plaintiffs' stated *Monell* claims," and further explained:

> Plaintiffs intend to use the homicide files to prove that the City maintained a number of unconstitutional policies and practices, including that the City suppressed evidence, [and] fabricated evidence, including witness statements, used against them. . . . In response to questions posed by the Court, Plaintiffs explained specifically how other investigative homicide files may support these *Monell* claims.

*Reyes*, Dkt. 224 at 8 (going on to provide numerous examples).

Likewise, Judge Weisman found homicide files highly relevant in *Sierra*, explaining:

> Plaintiff argues that the homicide files are relevant to all of his policy claims, as comparators to other CPD files and the files of the Cook County State's Attorney's Office ("CCSAO's), as fodder for expert analysis, and as a springboard for re-investigation of the cases to uncover other instances of unconstitutional conduct. Plaintiff says, for example, that the identification-manipulation, evidence-suppression, and failure-to-train claims may be proven by: (1) determining whether the homicide files "demonstrate non-compliance with policy and the absence of investigative materials;" (2) "compari[ng] . . . the homicide files to the CPD's permanent retention files, to demonstrate that the official version of an investigation included in the latter files was different than that included in the former"; (3) comparing the homicide files to the corresponding files in the possession of the CCSAO; and (4) expert analysis of the identification rates evidenced by the files. As argued by plaintiff during the motion hearing, these means of proof can be accomplished through comparison of documents produced during various stages of the underlying criminal proceedings, and by expert analysis of the reported outcomes of the CPD investigations as compared to expected results

Exhibit 2 at 018

based on academic and professional studies (e.g. the number of non-identifications and (presumably) misidentifications reported by CPD compared to national studies, etc.). To prove a policy or practice led to the violation of plaintiff's rights, plaintiff must have access to enough other homicide investigations to demonstrate that any violation of his constitutional rights was part of a larger practice. Plaintiff has explained a means by which the requested information . . . is sufficiently important for him to access and review in an effort to prove his case. The fact that plaintiff has no other ready means of gathering this type of information and his *Monell* claim raises questions that are important not only to him but to the public-at-large also justifies the burden involved in the discovery requested.

*Sierra*, Dkt. 154 at 2 (citations omitted).

There is no reason for a different outcome in this case, which raises similar *Monell* theories. The relevance of homicide files is beyond any reasonable dispute. Nonetheless, in response to your request, we provide a non-exhaustive explanation of some of bases upon which we seek homicide files to prove Plaintiff's *Monell* claims.

**General Relevance of Homicide Files**. In general, the City's homicide files represent perhaps the only documents that the City possesses documenting homicide investigations during the relevant time period. The files reflect the Chicago Police Department's version of what occurred during homicide investigations. As a result, they are the lynchpin of any theory about the City's widespread customs in homicide cases, and they are essential to assess any *Monell* theory regarding systematic defects in those investigations. If the City were permitted not to disclose these files, it would be extraordinarily difficult for Mr. Velez to prove *Monell* liability, and tantamount to entering judgment for the City on certain claims. On top of this relevance, homicide files are independently relevant to the different *Monell* theories in the case, as set forth below.

**Relevance to Eyewitness Identification Theories**. The homicide files will reveal evidence that City policies and customs led to unduly suggestive identifications, and also the suppression of identifications, in violation of due process. Among other things, the homicide files will likely indicate: (1) whether improper identification procedures were used during an investigation;[1] (2) whether

---

[1] Improper identification procedures include show-ups, clothing line-ups, live lineups or photo arrays in which the fillers look different than the suspect, as well as identification procedures that suggest who the suspect is to the eyewitness (for example where a person is told who the suspect is before an identification procedure, or single person or photo is shown to an eyewitness prior to a live line-up or photo array).

Exhibit 2 at 019

eyewitness identifications are unreliable, implausible, or impossible;[2] and (3) whether identification procedures went undocumented or were documented improperly.[3] For example, the files will likely contain evidence of the use of improperly suggestive "show-ups," live line-ups and clothing identification procedures. They will demonstrate, as Dr. Wells' expert report in *Rivera* makes clear, that the City failed to accurately document identification procedures, suppressing evidence that would have shown that eyewitnesses were unreliable. And the homicide files will reveal facts that demonstrate that an eyewitness identification was the result of officer manipulation or suggestion. This may take the form—as it did in *Rivera* and *Fields*—of crime scene reports and evidence revealing that a witness who later testified during criminal proceedings could not have observed the crime at issue and could not have identified the perpetrator. It may also take the form of indicia of unreliability—*e.g.*, a stranger identification, many months after the crime, which is inconsistent with initial descriptions, and which is based on suspect viewing opportunities—that reveal the manipulation of eyewitnesses once investigated.

All of these different theories are in play in Mr. Velez's case. Even with many key eyewitness depositions still to come, evidence already exists indicating that Mr. Velez was subjected to improperly suggestive identification procedures, such as the single photo of Mr. Velez purportedly accidentally shown to key eyewitness Apolinar Mejia on a supposed clipboard. Mr. Velez was also identified in suggestive line-ups, where eyewitnesses were told who to pick prior as they viewed the line-up. And Defendants failed to accurately document the identification procedures used, suppressing evidence of their suggestive nature and of key circumstances in the identifications. There is also evidence to date that eyewitnesses could not reliably see the shooter's face, and police reports documenting the identification procedures are contradicted by participants in those procedures.

In short, the homicide files will show, as they did in *Rivera*, that the manipulation of eyewitness identification procedures and the misreporting of those procedures was the result of City policy and custom, and not an isolated event. Notably, manipulated identification procedures, and the failure to report the tactics used in identification procedures, are issues in cases including *Sierra*, *Solache/Reyes*, *Prince*, and *Bouto*, *a*nd as indicated above, courts have deemed homicide files relevant to pursue such a *Monell* theory.

---

[2] For example, in *Rivera* and *Fields*, homicide files showed that witnesses who later testified they had observed the crime and identified Rivera and Fields as perpetrators actually could not have seen the perpetrator of the crime at all.

[3] In *Rivera*, the homicide files showed that CPD never documented identification procedures where someone other than the suspect was picked.

Exhibit 2 at 020

**Relevance to Fabrication Theories**. The homicide files are also probative of Mr. Velez's fabrication theories of *Monell* liability because they will likely contain documents that themselves are fabricated evidence. Homicide files standing alone can reveal evidence of fabricated police reports, such as when the "official" version of events told in typed police reports is contradicted by other documents in the file. This occurred in *Rivera*, in which police reports told a version of events in which both became a suspect only after the eyewitness identified his photo from a mugbook on a particular day, but the homicide file contained a rap sheet for Mr. Rivera that revealed that the defendants had considered him a suspect days earlier. Fabricated evidence is also revealed through examination of homicide files when witness statements documented in police reports are contradicted by other typed police reports, or by officer notes. As Judge Harjani indicated in *Reyes*, "Homicide investigative files could also contain evidence supporting allegations of coercion," such as the length of time a witness or suspect was in police custody prior to giving a statement, the participants in the interrogation, and the resulting statements. Dkt. 224 at 8.

Here are additional examples: in the homicide files produced as part of *Monell* discovery in the *Rivera* litigation, the files concerning the investigation and arrest of Demetrius Johnson for murder contained a fabricated police report stating that a key eyewitness had never previously identified anyone but Johnson, when in fact the eyewitness had first identified a different suspect. Or consider the file in *Rivera's* case itself, in which a report stated that the victim of the crime had identified Rivera in a photo identification procedure conducted by Guevara and his partner, but other evidence discovered in the case revealed that the victim was in a coma at the time of the purported identification. *Rivera v. Guevara*, 319 F.Supp.3d 1004, 1032 (N.D. Ill. 2018). These are but a few examples of ways in which past reviews of homicide files have revealed fabricated evidence.

It is already apparent that similar evidence was fabricated in this case, including false inculpatory statements by Christina Izquierdo, who has already explained under oath how Defendants threatened her and fabricated her statement implicating Mr. Velez, and false accounts of the "clipboard" incident by Defendant Bocardo, which are contradicted by witness statements and other documents in the production. The manipulated identification theories discussed above also tie into fabrication of evidence. When a witness is told who to pick during a lineup, for example, police reports are typically created afterward that omit such information, instead falsely stating the witness viewed the lineup and made a confident, unprompted identification. Such reports, too, are fabricated evidence. The homicide files will reveal these fabrications in Mr. Velez's case were part of an endemic pattern of fabrication.

Exhibit 2 at 021

**Relevance to Suppression Theories**. The homicide files are also relevant to Mr. Velez's allegations that the City had an unconstitutional practice of suppressing evidence during homicide investigations. This includes both the suppression of investigative materials in clandestine files which were not provided to prosecutors and defense attorneys, and the widespread failure to preserve or document pertinent investigative information in the homicide files in the first place. The Area Four homicide files are relevant to both theories. They can be: (1) examined by themselves to determine whether investigative information has been suppressed;[4] or (2) compared with other files concerning the same investigation and prosecution to show what evidence was suppressed.[5] The examination and comparison of investigative files to other files in *Rivera* and *Fields* revealed systemic evidence suppression in the Chicago Police Department, as outlined in the expert reports and comparison charts in those cases.

Mr. Velez has alleged, and intends to prove, that exculpatory evidence was suppressed during his criminal case. Even prior to the conduct of many depositions in this case, Plaintiff's investigation, covers, for example, withheld evidence of improper tactics during the eyewitness identification procedures used in his case; of threats, and coercion used upon Christina Izquierdo; and of missing police reports documenting important developments in the investigation such as General Progress Reports of interviews with critical witnesses such as Gus Rivera. Mr. Velez is entitled to the discovery to show that the suppression was a matter of City policy and custom.

**Relevance to Training and Supervision Theories**. Finally, homicide files are relevant evidence of a failure to train and supervise police officers. In *Fields*, the homicide files on their face contained ample evidence that police officers routinely did not follow written City policies governing the maintenance and production of homicide files, among other subjects relevant to this case.

In sum, the Area Four homicide files are unquestionably relevant to Plaintiff's *Monell* theories.

---

[4] For example, the homicide file in *Rivera* contained General Progress Reports (GPRs) (on which detectives are required to write notes), but the Investigative File Inventory (which tracks the materials contained in the investigative file) showed that multiple other GPRs created on key dates and logged into the file had gone missing.

[5] For example, in *Rivera* the Investigative File Inventory documenting the missing GPRs was not handed over to prosecutors or defense attorneys, leaving them in the dark that key investigative information had not been provided.

Exhibit 2 at 022

**B. CR Files Discovery**

Plaintiff has already narrowed his request for CR files significantly, seeking only evidence necessary to meet his substantial burden of proof. The relevance of CR files to Plaintiff's *Monell* claim that the City failed to properly supervise, discipline, and train its officers is straightforward, as many Courts have recognized. *Reyes*, Dkt. 224 at 21-24 (collecting cases); *Hood v. Chicago*, No. 16 C 1970, Dkts. 172, 182, 189, 190, 191 (N.D. Ill.); *Washington v. Chicago*, No. 16 C 1893 (N.D. Ill.). CR files are the City's sole mechanism of documenting complaints against police officers and the City's response to those complaints. Plaintiffs intend to use the CR files to, for example, show the rate at which CRs are sustained and/or result in discipline for the specific allegations of misconduct in these cases, and show that that rate is unacceptably low.

Any objection by the City to the production on the basis of burden is unwarranted. First, Plaintiff is entitled to discover evidence required to meet his substantial burden of proof for *Monell* claims, and other courts have routinely allowed robust CR discovery in analogous cases. Moreover, as Plaintiff has repeatedly made clear, he is willing to limit the production provided the City agrees to stipulate to the representativeness of the sample. The City cannot have its cake and eat it too by both limiting the size of the production and then leveraging that limitation by contending at trial that Plaintiff did not review enough files. Plaintiff is willing to do the hard work of reviewing all CR files for those officers assigned to Area Four in the 7 years leading up to Plaintiff's arrest and is not interested in having an unnecessary battle at trial about sample sizes. Second, the CR file production sought here is largely duplicative of production in other civil rights and FOIA cases. And, in *Green v. Chicago Police Dep't*, No. 15 CH 17646 (Cook Cty., Ill. Chancery Ct.) (Order of Jan. 10, 2020), the City has been ordered to produce all CR files, citywide, dated 1967-2015. Even for those CR files produced for the first time in this case, the burden of production will be shared not only with the *Green* litigation but also with *Monell* discovery progressing in a number of civil cases stemming from homicide investigations by notorious Chicago Police Department defendants in Area Four.

Thank you for your consideration of Plaintiff's response to your inquiry about relevance. Kindly provide the City's final position by February 15.

Sincerely,

*RBrown*

Ruth Brown
*Counsel for Plaintiff*

cc: Counsel of Record

Exhibit 2 at 023



## Velez v. City of Chicago

**Robin Shoffner** <rshoffner@nklawllp.com>                     Mon, Feb 15, 2021 at 4:44 PM
To: Ruth Brown <ruth@loevy.com>

Ruth -

I will be sending you the City's response to your February 8, 2021 correspondence regarding the production of Area 4 homicide and CR files within the next couple of days.  Please let me know if you have any questions.  Thank you.

Robin

[Quoted text hidden]

Exhibit 2 at 024



**ROBIN D. SHOFFNER**
*Partner*
rshoffner@nklawllp.com
**T:** **312-612-1086**
**F:** **312-448-6099**

February 19, 2021

Ruth Brown
Loevy & Loevy
ruth@loevy.com

  *Re:*    *18 C 08144  John Velez v City of Chicago, et al.*

Ruth,

I am writing in response to your February 8, 2021 correspondence related to the City's production of homicide and CR files.

The City does not concede that the production of Area 4 homicide files and CR files are relevant to the *Monell* claims asserted in this case. In the interest of compromise, however, we propose the production of closed or cleared Area 4 homicide files over a three-year period of time from March 1998 up to and including March 2001, under terms and conditions that are consistent with other cases in the Northern District of Illinois.  See *Arturo DeLeon-Reyes v. Guevera*, 18 C 1028, (Mag. Harjani) **(City ordered to produce Area 5 Homicide files and CR files from 1995 to 1998 totaling 343 Homicide files.)**  Dkt. #224**.**  The above-referenced case and those cited in your letter do not require the City to enter into a stipulation regarding the appropriate sample size, and accordingly, the City renews its objection to any agreement which would result in waiving defenses to the *Monell* claims in this case.

Your correspondence primarily addressed the production of homicide files and did not propose parameters for the production of CR files.  As you know, the City has already produced approximately 440 CRs in this case in response to your request for every CR related to each of the defendant officers.  We firmly believe that the production of CRs for every Area 4 CPD officer is excessive and not proportional to the needs of this case.  This is particularly true given that the *Monell* claims are directed toward CPD's homicide investigation practices such fabrication of evidence, suppression of evidence and eyewitness identification.  Accordingly, the City proposes the production of CRs related to Area 4 detectives over a three-year period of time from March 1998 up to and including March 2001.

Exhibit 2 at 025



This offer is made in response to your request for a production of documents over a seven-year time frame.  While the City remains open to negotiate acceptable terms related to this production request, we reserve the right to assert defenses to this request in the event we cannot reach an agreement.  Please let me know when we can meet and confer regarding these issues.

Sincerely,

NATHAN & KAMIONSKI LLP

Robin D. Shoffner

RS:j

cc:     All Counsel of Record (via e-mail)

Exhibit 2 at 026