**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOHN VELEZ,                )
                                 )
            Plaintiff,       )
                                 )       Case No. 18 C 8144
           v.                  )
                                 )       Judge Edmond E. Chang
CITY OF CHICAGO, et al.,       )
                                 )
           Defendants.    )

**DEFENDANT CITY OF CHICAGO'S RESPONSE
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant, CITY OF CHICAGO, by and through its attorneys, NATHAN & KAMIONSKI LLP, respectfully submits its answers and objections to Plaintiff's Second Set of Request for Production to Defendant City of Chicago ("City"). In answering, Defendant City states as follows:

**PRELIMINARY STATEMENT**

The City filed a Motion to Bifurcate and Stay Discovery on the *Monell* Claim in this case and therefore withholds any further production of *Monell* related discovery pending a ruling on the City's motion to bifurcate. In addition, the City's investigation and efforts to secure responsive documents upon which its response to Plaintiff's request to produce are and will be based is ongoing at this time. To the extent that the district court's ruling does not moot the below requests, the City will seasonably supplement its response hereto as additional documents are located as required by the Federal Rules of Civil Procedure and the Mandatory Initial Discovery Pilot Program.

**RESPONSES TO REQUESTS FOR PRODUCTION**

1.       All Documents relating to any written policy or procedure of the City of

**EXHIBIT 1**

11.     All Documents related to homicide investigations in the period from 1983 (i.e., the enactment of Special Order 83-1 regarding the maintenance and disclosure of homicide files) through 2011 (i.e., ten years after the Hueneca Murder Investigation). This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

**RESPONSE:  The City objects to this request as overbroad as to time in that it essentially seeks documents over a 30-year period of time. The City further objects to this request as overbroad in scope in that it fails to limit the request to comparators which are sufficiently similar to the circumstances alleged in this case and therefore rendering the request unlikely to provide probative value compared with the burden this request seeks to impose upon the City and the needs of the case. The City further objects to this request because it is unduly burdensome and disproportionate to the needs of this case in that it seeks materials that would require the City to expend onerous costs and countless legal professional hours in order to identify, gather, review, and produce all of the documents responsive to this request. Moreover, the City filed a Motion to Bifurcate and Stay Monell Discovery in this case which, if granted, would obviate any even arguable basis for the production of the numerous and highly burdensome documents sought by this request. The City reserves its right to amend or supplement its response to this request in the event that the district court permits Monell discovery to proceed.**

12.     All Documents related to homicide investigations in the period from 1983 (i.e., the enactment of Special Order 83-1 regarding the maintenance and disclosure of homicide files) through 2011 (i.e., ten years after the Hueneca Murder Investigation), where there was any claim of actual or alleged withholding of exculpatory or impeaching information from a criminal defendant. This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored

EXHIBIT 1

or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

**RESPONSE: The City objects to this request as overbroad as to time in that it essentially seeks documents over a 30-year period of time. The City further objects to this request as overbroad in scope in that it fails to limit the request to comparators which are sufficiently similar to the circumstances alleged in this case and therefore rendering the request unlikely to provide probative value compared with the burden this request seeks to impose upon the City and the needs of the case. The City further objects to this request because it is unduly burdensome and disproportionate to the needs of this case in that it seeks materials that would require the City to expend onerous costs and countless legal professional hours in order to identify, gather, review, and produce all of the documents responsive to this request. Moreover, the City filed a Motion to Bifurcate and Stay Monell Discovery in this case which, if granted, would obviate any even arguable basis for the production of the numerous and highly burdensome documents sought by this request. The City reserves its right to amend or supplement its response to this request in the event that the district court permits Monell discovery to proceed.**

13. All Documents related to any Allegation of Misconduct against any Chicago Police Department officer in the ten years prior to and ten years after the Hueneca Murder Investigation alleging dishonest behavior; lying under oath; witness manipulation; improper behavior during interrogations or interviews; use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses; use of unduly suggestive visual, voice, or clothing identification procedures such as in-person or photo lineups, photo arrays, or show-ups, including with juvenile witnesses; use of excessive force; false arrest; malicious prosecution; fabrication or planting of evidence; concealment or suppression of evidence; and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request specifically seeks but is not limited to (a) Documents reflecting the date of any Allegation of Misconduct, the type of Allegation of

EXHIBIT 1

Misconduct, and the result of any investigation or disciplinary proceeding with respect to each such Allegation of Misconduct, and (b) the complete file for each Allegation of Misconduct within the period specified in this request.

**RESPONSE: The City objects to this request as overbroad as to time in that it essentially seeks documents over a 20-year period of time. The City further objects to this request as overbroad in scope in that it fails to limit the request to comparators which are sufficiently similar to the circumstances alleged in this case and therefore rendering the request unlikely to provide probative value compared with the burden this request seeks to impose upon the City and the needs of the case. The City further objects to this request because it is unduly burdensome and disproportionate to the needs of this case in that it seeks materials that would require the City to expend onerous costs and countless legal professional hours in order to identify, gather and produce all of the documents responsive to this request. The City further objects to this request as vague and ambiguous as to the terms "relating to," "allegations of misconduct," "dishonest behavior," "witness manipulation," "improper behavior," and "improperly suggestive." The City further objects to producing documents related juvenile witnesses as this case does not involve a juvenile. Moreover, the City filed a Motion to Bifurcate and Stay Monell Discovery in this case which, if granted, would obviate any even arguable basis for the production of the numerous and highly burdensome documents sought by this request. The City reserves its right to amend or supplement its response to this request in the event that the district court permits Monell discovery to proceed.**

14. *For Defendants Cook County and Goldish Only*: All Documents relating to any Attorney Registration and Disciplinary Commission complaints that have ever been lodged against Defendant Goldish at any time, and all Documents relating to any inquiry or investigation into these complaints, if any, and their outcomes.

EXHIBIT 1

**RESPONSE: This request is not directed to the City and therefore no response is required.**

15.     *For Defendants Cook County and Goldish Only*: All notes created by Defendant Goldish or any other Assistant State's Attorney or any investigator for the State's Attorney's Office during the Hueneca Murder Investigation, including but not limited to any notes from conversations with any law enforcement officers, any other ASAs or investigators, and any witnesses, that are maintained anywhere, including in CCSAO or personal files of any current or former CCSAO employee.

**RESPONSE: This response is not directed to the City and therefore no response is required.**

16.     Any Felony Review notes or memoranda relating to the Hueneca Murder Investigation.

**RESPONSE: The City objects to this request as it is vague ("relating to"), ambiguous and overly broad ("any"), and to the extent it is seeking documents outside of its possession or control. Defendant City further objects to the extent this request seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, the City states that it understands that Felony Review materials would be in the possession of the Cook County State's Attorney's Office. See documents produced by the other parties to this litigation and in response to third-party subpoenas. Investigation continues.**

17.     Any and all Documents prepared in connection with the investigation of the June 25, 2000 assault of Roy George and Abel Reyes, including but not limited to any and all police reports, collected evidence, lab reports, handwritten notes, crime scene photographs, photo arrays, and photographs or statements of any suspects, perpetrators, witnesses, or victims. The request specifically includes but is not limited to the complete Department Permanent Retention File and the complete Investigative File, Area File, Unit File, or Street File with respect to this investigation. This request also specifically includes but is not limited to all Documents regarding investigation of Enrique Zamora, Javier Hernandez, and Edgar Valdez in connection with the crime.

**RESPONSE: The City objects to this request as it is vague and ambiguous as to the**

EXHIBIT 1

terms "statements," "Permanent Retention File," "Street File." Subject to and without waiving these objections, the City produces documents Bate-stamped "CITY 013751-014110."

      18.     All Documents (including Communications) related to the whereabouts of Christina Izquierdo prior to the 10/7/2002 start of Plaintiff's criminal trial, including any efforts by any Defendant, including any agents or employees of the City of Chicago or Cook County, to locate her.

      **RESPONSE: The City objects to this request as it is vague ("related to"), ambiguous and overly broad ("all Documents…including communications), and to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, the City states that its investigation to date has not uncovered any documents responsive to this request. However, the City invites plaintiff to meet and confer with the City regarding this request in order to direct the City toward the types of documents plaintiff believes may be responsive to this request. Investigation continues.**

                        Respectfully Submitted,

                        Defendant City of Chicago

                        By: */s/ Robin Shoffner*
                            Robin Shoffner
                            One of its Attorneys

Shneur Nathan
Avi Kamionski
Christopher Wallace
Robin Shoffner
NATHAN & KAMIONSKI LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603
T: (312) 612-2238
E: chris@nklawllp.com

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, Christopher Wallace, an attorney, certify that on November __, 2019, I served Defendant City of Chicago's Response to Plaintiff's Second Set of Interrogatories, via email, upon the following counsel:

| | |
|---|---|
| Russell Ainsworth<br>Ruth Brown<br>Danielle Hamilton<br>Arthur Loevy<br>Jonathan Loevy<br>Loevy & Loevy<br>311 N. Aberdeen St., 3rd Floor<br>Chicago, IL  60607<br>russell@loevy.com<br>ruth@loevy.com<br>hamilton@loevy.com<br>arthur@loevy.com<br>jon@loevy.com<br><br>*Attorneys for Plaintiff* | Jennifer Blagg<br>Blagg Law<br>1333 W. Devon Ave., Suite 267<br>Chicago, IL  60660<br>jennifer.blagg@yahoo.com<br><br>*Attorney for Plaintiff* |
| Marion Moore<br>City of Chicago<br>Department of Law<br>30 N. LaSalle St., Suite 900<br>Chicago, IL  60602<br>marion.moore@cityofchicago.org<br><br>*Attorney for Defendant City of Chicago* | Steven Borkan<br>Timothy Scahill<br>Misha Itchhaporia<br>Krista Stalf<br>Borkan & Scahill, Ltd.<br>20 S. Clark St., Suite 1700<br>Chicago, IL  60603<br>sborkan@borkanscahill.com<br>tscahill@borkanscahill.com<br>mitchhaporia@borkanscahill.com<br>kstalf@borkanscahill.com<br><br>*Attorneys for Defendant Officers* |
| Kenneth M. Battle<br>Jessica Gomez-Feie<br>Winnefred A. Monu<br>O'Connor & Battle LLP<br>20 N. Clark St., Suite 1600<br>Chicago, IL  60602<br>kbattle@mokblaw.com<br>jgf@mokblaw.com<br>wmonu@mokblaw.com<br><br>*Attorneys for Defendant Goldish and Cook County* | Andrew Horvat<br>Ryan J. Gillespie<br>Cook County State's Attorney's Office<br>50 W. Washington St., 5th Floor<br>Chicago, IL  60601<br>timothy.horvat@cookcountyil.gov<br>ryan.gillespie@cookcountyil.gov<br><br><br>*Attorneys for James Davis, John Sullivan, and Cook County* |

*/s/ Robin Shoffner*
Robin Shoffner

EXHIBIT 1