**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN VELEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 8144 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants seek entry of an Order requiring the plaintiff to limit the number of Rule 404(b) witnesses in discovery to no more than ten and to set a date (none has been specified) after which no substitutions of Rule 404(b) witnesses will be permitted.[1] The defendants' Motion [Dkt. #183] is granted in part and denied in part.[2]

The plaintiff began seven months ago insisting that there would be 66 potential Rule 404(b) witnesses – which common sense and the reactions of judges in other cases – ought to have told them was excessive and thus, a non-starter. In any event, the defendants offered to reduce that number – maybe to 15 – once the individual defendants are deposed. The defendants contend that the going rate, so to speak, is just 10; but, as the plaintiff points out, that has generally been in cases

---

[1] Rule 404(b) is a specialized rule of relevancy. It provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." The Rule applies in civil as well as criminal cases. *Armstead v. MacMillan*, 58 F.Appx. 210 (7th Cir. 2003). *See generally* Jeffrey Cole, *"Bad Acts" Evidence in Civil Cases Under Rule 404(b): It's Not Just For Prosecutors Anymore*, 37 LITIGATION 47 (Spring 2011).

[2] The parties have also been at odds over the number of years worth of files to be produced in discovery. The plaintiff initially demanded twenty-nine years, and the defendants refused to negotiate at all for about a year.

where there was one principal police officer defendant. Here there are two. And it was at that point that the two sides drew their lines in the sand as though life itself depended on the difference between 10 and 15 – a difference, standing alone, that was probably not enough to turn the color of legal litmus.

The briefs that have been filed are not particularly helpful in explaining why, depending on what side you are on, either 10 or 15 witnesses is an unacceptable number or why 10 or 15 witnesses is the only answer or why some compromise to a lesser number – say 12 or 13 – is unacceptable. Without any such explanation, the parties cannot reasonably expect a court to be able to rationally and reasonably bridge a gap that the parties apparently find insurmountable. Indeed, eighteen lawyers involved in this case have found the task unresolvable over the course of six months.

Both rationality and common sense tell us that, clearly, the difference between 10 and 15 – or, more accurately 10 and 12 or 13 on one side and 15 and 12 or 13 on the other – is not likely to be outcome-determinative. Nor should it be. It certainly is not so significant as to merit – at least on the present record – six months of arguing or misutilization of scarce judicial resources. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). *See also* Levin and Colliers, *Containing the Cost of Litigation*, 37 Rutgers L.Rev. 219, 226–27 (1985). Thus, in view of the fact that there are two defendant officers, and on the present record as has been developed by the parties, I exercise my discretion to decide the plaintiff's number of 15 will be the limit.[3]

As in all discovery disputes, the matter involved here ultimately falls within the extraordinarily broad range of discretion invested in judges by the Federal Rules of Civil Procedure.

---

[3] Witnesses are not fungible. But a good deal more than is show on this record must be shown before one can simply demand that a number that has been selected by a party must govern either the scope of discovery or ultimate questions of admissibility.

*Crawford v. El-Britton,* 523 U.S. 574, 598 (1998); *Semien v. Life Ins. Co. Of N.A.*, 436 F.3d 805, 813 (7th Cir. 2006); Rule 26(c), Federal Rules of Civil Procedure. But discretion denotes the absence of a hard and fast rule. *Langes v. Green*, 282 U.S. 531, 541 (1931); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Thus, on a virtually identical set of facts, two decision makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *Mejia v. Cook County, Ill.,* 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Johnson v. Daley*, 339 F.3d 582, 593-94 (7th Cir. 2003)(Indeed, "substantial discretion... ensures inconsistency."). *See Elliot v. Mission Trust Services, LLC,* 2015 WL 1567901, 4 (N.D.Ill.) (N.D.Ill.2015).

Plaintiff has fourteen days from the date of this Opinion to provide the list to opposing counsel; any necessary substitutions must be made within 30 days thereafter. *See, e.g., DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *7 (N.D. Ill. 2020); [Dkt. #183-5, Page 6/8]. In light of the history of this case since Judge Chang denied the defendants' motion to bifurcate, [Dkt. ##151, 159, 172, 183], any future discovery-related motions must be accompanied by the enhanced, stipulated Local Rule 37.2 statement described in *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 2007 WL 2713352, at *4 (N.D. Ill.2007)("If any disputes remain, the parties shall file a joint statement providing the information required in Local Rule 37.2, along with the time spent on each interrogatory at the meeting, and the arguments advanced by both sides [in those meetings]. The statement should be sufficiently detailed to allow a real appreciation of the parties' efforts, and allow the court to determine whether they actually did confer in good faith, as

Rule 37.2 demands. Only then will any further motion to compel on this issue be considered.");

*Dillon v. BMO Harris Bank, N.A.*, 2015 WL 6619972, at *2 (M.D.N.C. 2015).

## CONCLUSION

The defendants' Motion [Dkt. #183] is granted in part and denied in part.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/19/21