# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN VELEZ,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | **No. 18 C 8144** |
| | **)** | |
| **v.** | **)** | **Magistrate Judge Jeffrey Cole** |
| | **)** | |
| **CITY OF CHICAGO, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## MEMORANDUM OPINION AND ORDER

The defendants have moved for a four-month extension of *all* fact discovery in this case, claiming that they need "sufficient time to complete the depositions of identified witnesses, as well as conduct any follow up discovery, including oral discovery, that may result from the depositions that have not yet been completed." [Dkt. #200, Par. 14]. It is not entirely clear from the motion how many depositions the defendants have left unscheduled or of whom in this final month of discovery; it seems that defendants have "15-20" depositions left to schedule, although they name only a Mr. Seaton. [Dkt. #200, Pars. 10-11]. It is clear that the defendants' proffered schedule will take this case through June 2022. After considering the history of this case, and the unbounded nature of defendants' request, the motion [Dkt. #200] is denied.

Fact discovery in this case began back in June of 2019 and was set to close on November 6, 2020, a date that was far closer to the defendants' desired date of December 11, 2020, than to plaintiff's hoped for deadline of August 15, 2020. [Dkt. #51, at 4; #54]. That date was extended by 77 days to February 1, 2021, as a result of the Chief Judge's Covid-19 orders in the spring of 2020. [Dkt. #129; #130]. That deadline lasted only two months as, on August 4, 2020, the parties were

granted another extension to August 1, 2021. [Dkt. #136]. At that time, both sides had a very good sense of the number of depositions that needed to be taken. Surely, they had a better sense bu November when they indicated they would complete fact discovery by August 1, 2021, even though they had completed no more than ten depositions by that point, a year and a half into discovery. [Dkt. #147, Par. 4]. But, whatever delaying tactics or procrastination the defendants (or the plaintiff) had engaged in by that point, *see, e.g,* [Dkt. # 191, at 1-4], as of August 2020 – fourteen long months into discovery – they had a full year to clean things up. They didn't.

Now, it has to be said that the court is certainly no stranger to motions for extensions of time, or specifically, motions for extensions of time toward the end of an already lengthy period of discovery. No court is. Motions for extensions of time are easily the most common motion attorneys file. It also has to be said that those motions like this one seldom, if ever, make it clear why so many things have been left until so very late. Often, however, such flaws are overlooked but not so far into a case as is attempted here. Given the timing and history of the motion, it is egregiously late and its history simply cannot and should not be ignored. But, it's a bit late for that kind of one-sided, inappropriate indulgence now. Indeed, judges' failures to properly monitor discovery is a source of constant criticism by courts. It is deemed to be the source of increased costs of litigation and accounts for much of the abuses by plaintiffs' and defendants' lawyers, alike. *See, e.g., Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir. 1993)(Roney, J., concurring); *Miller UK Ltd v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 721-22 (N.D.Ill. 2014). *See also* Victor Marrero, *The Costs of Rules, The Rule of Costs*, 37 Cardozo L.Rev. 1599 (2016); Frank H. Easterbrook, Discovery as Abuse, 69 B.U.L.Rev. 635, 639 (1989). *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 411–412 (7th Cir.2010);

*Continental Insurance. Co. v. Chase Manhattan Mortgage Corp.*, 59 Fed.Appx. 830, 840 (7th Cir.2003).

What defendants do not mention in their motion is the undeniable fact that they have wasted a fair amount of time which, if they had acted diligently – as the Federal Rules of Civil Procedure require – could and should have been employed to move things along so that there would not be 14 depositions in the final month of discovery and perhaps twenty more to go. Little wonder our Local Rules require that depositions must be scheduled in time so that their completion falls within the end of a discovery schedule. For example, many tasks – perhaps four months worth of tasks that would have alleviated the need for another extension – could have been accomplished in the time defendants' motion to bifurcate was pending [Dkt. ##75, 150, 157], but defendants felt it unnecessary to participate in *Monell* discovery during that time. [Dkt. #172-2, Page 3-4/7].

More examples of lack of diligence arose as the case continued. But, most recently, one of the other end-of discovery motions the parties have just filed brought a particularly galling one to light. Defendants served what has been described as a crucial witness with a subpoena and set up a deposition for October 1, 2020. When plaintiff's counsel indicated one of their attorneys was unable to attend and asked to reschedule, the October 1 deposition was cancelled. But for six months after that, neither side attempted to reschedule or reserve that purportedly important witness. Now, with discovery closing, that witness has become crucial again. [Dkt. ## 205-1; 207]. These types of things, contrary to the defendants' characterization, do not amount to "working diligently."

Another commonality of every motion for an extension of time in every case is the assertion that the motion "is not being brought for the purposes of delay, and no prejudice will inure to the parties as the result of the requested extension." [Dkt. #200, Par. 23]. But it seems that taking all

discovery in this 2018 case half way through 2022 is, by definition, delay. To say the delay is not purposeful is, at best, a matter for debate. As for prejudice, the plaintiff in this case was wrongfully incarcerated for 16 years. [Dkt. #1, Par. 51]. Isn't making him wait an additional four months – at least four months, and likely more if defendants are granted "follow up discovery" – prejudicial? It seems dismissive to casually claim it isn't at the tail end of a motion and, so, it's a claim the court cannot accept.

Under Fed.R.Civ.P. 16(b)(4), a party seeking a discovery extension must show good cause. Among the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case "moving toward trial." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "[D]istrict courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012). While discretion permits a number of factors to be considered in determining whether good cause has been demonstrated, a busy schedule is not generally regarded as among them. *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir.2006). The primary consideration for district courts is the diligence of the party. *Alioto*, 651 F.3d at 720. The foregoing facts do not demonstrate adequate diligence to merit the type of unbridled discovery extension the defendants seek. Moreover, in this instance, what's past is prologue; the defendants' have instilled no confidence in the court that four months will be enough to accomplish the great deal of discovery they still want. Accordingly, the motion for a four-month extension of the discovery deadline – on top of two years – to conduct at least 15-20 as yet unscheduled depositions, as well as additional "follow up discovery" after that [Dkt. #200] is denied.

ENTERED: _____

**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 7/12/21

5