IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VELEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 8144 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

"All good things, including discovery, must come to an end."
*United States ex. rel. Taylor v. Hicks*, 513 F.3d 228, 233 (5th Cir. 2008).

As did the defendants, the plaintiff has filed a motion for another extension of the discovery deadline. [Dkt. #213]. And, as did the defendants, he did so at the tail-end of over two years of fact discovery. Unlike the defendants, however, the plaintiff's motion is limited to two depositions and additional time – unfortunately, an unspecified amount of time – to review as yet unproduced files and serve one more subpoena once that review is complete. For the following reasons, the plaintiff's motion [Dkt. #213] is granted in part and denied in part.

**I.**

First, the two depositions. Plaintiff served a 30(b)(6) deposition notice on the City back on April 4, 2021. [Dkt. #213-3]. The City, not surprisingly, did not timely respond. Indeed, on the day after the City's response was due, plaintiff emailed the City to ask what was going on. The City reflexively replied that it was "working on evaluating your request and identifying potential witnesses." [Dkt. #213-4]. Of course, that ought to have been done in the previous 30 days, and if a response was not to be forthcoming, the City should have informed the plaintiff of where things

stood. A month later, there was still no response and witness designation from the City. The City's excuse was the same: "We have been working with our client to identify and locate the appropriate 30(b)(6) witnesses." [Dkt. #213-4]. So, the City hadn't progressed in another month. The City finally designated three witnesses on June 11th.

Two of the depositions went forward at the end of June. But, on June 25th, the City said it could not complete the third before the long-anticipated discovery deadline of August 1st (set over a year earlier at the parties' request [Dkt. #132]), because of all the depositions – all of which had left until the last minute, that is – scheduled for July. [Dkt. #213-4]. Given the fact that the City had the plaintiff's notice for three months, that's entirely unacceptable. However, given the history of this case and the City's penchant for delay, the fact that the City came through on two of the three reminds one of Samuel Johnson's quip about a dog walking on its hind legs: "It is not done well; but you are surprised to find it done at all!" This much of the plaintiff's motion is granted, and the City is ordered to produce this 30(b)(6) witness no later than August 21, 2021. There will be no extension of this date.

The other deposition is that of non-party witness, Micaela Gutierrez-Fuentes. Details of how the parties dropped the ball on this one are set forth in the Opinion of July 13, 2021. *Velez v. City of Chicago,* 2021 WL 2942047, at *1 (N.D. Ill. 2021) [Dkt. # 220]. The deposition was set for October 1, 2020, but one of plaintiff's *six* attorneys couldn't make that date and asked to reschedule for October 5th or 6th. Those dates didn't work for defendants, so the deposition was simply cancelled. Then, neither side did anything about it for half a year. Now, the plaintiff wants an unspecified amount of extra time after the long-scheduled close of discovery to secure the deposition

the plaintiff abandoned.[1]

Under Fed.R.Civ.P. 16(b)(4), a party seeking a discovery extension must show "good cause." A showing of "good cause" requires a particular and specific demonstration of fact as distinguished from stereotyped, uninformative, and conclusory statements. *Gulf Oil v. Bernard*, 452 U.S. 89, 102, n. 16 (1981); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 at 265 (1970). While the case law in this area is messy, *compare Mayle v. State of Illinois*, 956 F.3d 966 (7th Cir. 2020) with *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427 (7th Cir. 2019), two broader and interrelated observations are not open to question. First, district courts enjoy wide latitude in determining whether a litigant's explanation for missing a deadline amounts to "good cause" or "excusable neglect." Consequently, a decision one way or another in this area is seldom reversed by a reviewing court. *See, e.g., Mayle*, 956 F.3d at 969 ("The district judge would not have abused his discretion if he had denied the extension, but he also did not abuse his discretion by granting it."). *See also Nestorovic*, 926 F.3d at 431–32 (an abuse of discretion only occurs "when the record contains no evidence on which [the district court] could have rationally based its decision or when the decision rests on an erroneous view of the law."); *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020 (7th Cir. 2021).

Among the aims of Rule 16 is the prevention of parties from delaying or procrastinating and to keep the case "moving toward trial." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "[D]istrict courts have an interest in keeping litigation moving forward and maintaining respect for set deadlines is essential to achieving that goal." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587,

---

[1] One is reminded of Shakespeare's famous injunction, "[d]efer no time, delays have dangerous ends." The Seventh Circuit is partial to Twelfth Night – "'in delays there lies no plenty.'" *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995). No matter; the point is the same, and it was ignored in this case.

594 (7th Cir. 2012). The primary consideration for district courts is the diligence of the party. *Alioto*, 651 F.3d at 720. Cancelling a non-party deposition for the convenience of one of six attorneys and then doing nothing about it or setting it aside for at least six months does not demonstrate the requisite diligence the law requires. Once the plaintiff got back on track, there were subpoena mishaps. [Dkt. #220]. Such setbacks, however, are predictable and ought to have been expected by experienced litigators. But, again, if the deposition had been taken care of efficiently in the first place or shortly thereafter – there were five other attorneys representing the plaintiff after all – there would have been ample time to deal with the issues that experience teaches inevitably come up. Accordingly, this portion of plaintiff's motion is denied.

**II.**

Finally, there is the remaining *Monell* discovery. Plaintiff provides a detailed history of the defendants' delays in this area. But, while defendants might shoulder the majority of the blame in this instance, plaintiff's brief predictably glosses over plaintiff's own staggeringly, overly-broad opening request for 30 years of files dating back 40 years, and its subsequent refusal to budge from that preposterous, though apparently characteristic opening position for months. [Dkt. #191, at 1-2, 3].[2] Obviously, a request like that tends to derail things before they can get started and contributes significantly to a party running out of time nearly two years later, at which point, inevitably, attorneys beg for time they squandered early on. Courts overseeing discovery cannot condone what

---

[2] Plaintiff's law firm seems to operate under a philosophy in which it will take unreasonable positions in discovery and refuse to budge without court intervention. *See Ezell v. City of Chicago*, 2021 WL 2136395, at *3 (N.D. Ill. 2021)(referring to the comments of Judge Ellis); *Prince v. Kato*, 18-cv-2952, May 9, 2019, [Dkt. #113, at 4, 9](where Magistrate Judge Harjani said: "This is an issue in every case where we have Loevy on one side and the City on the other ... you may get one, you may get two, you may get three, I don't know. But it is not going to be 40.").

4

this record demonstrates. Indeed, it is the failure of judges to properly oversee and supervise discovery that is constantly criticized by the courts of appeals as the efficient cause of much that ails the litigation process.[3]

While there is enough blame to go around for the purposes of this motion, the important thing is that the City was at fault for much of the delay. As of June 25, 2021, the City wrote to plaintiff and indicated it "anticipate[d] that it w[ould] take approximately eight additional weeks to complete" the production of the homicide and Complaint Register files. But three and a half weeks later, as of July 13, – the date the City filed its reply brief to the plaintiff's motion for an extension – the City was *still* talking about eight more weeks before production would be complete. [Dkt. #221, at 2]. Yet, the City tells the court it objects to an extension that would allow "open-ended *Monell* discovery for an unlimited period of time." [Dkt. #221, at 1]. The court agrees, so the City is ordered to complete production by September 13, 2021. The parties shall file a joint or combined Status Report on the progress of production on August 20th.

Plaintiff also asks for additional time following the City's production of RD numbers for the homicide files in which to serve a subpoena to the Cook County Public Defender's Office for

---

[3] Indeed, as we recently said in this very case, *Velez v. City of Chicago*, 2021 WL 2915117, at *1 (N.D. Ill. 2021):

> "Judges' failures to properly monitor discovery is a source of constant criticism by [reviewing] courts, and is deemed to be the source of increased costs of litigation and accounts for much of the abuses by plaintiffs' and defendants' lawyers, alike. *See, e.g., Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir. 1993)(Roney, J., concurring); *Miller UK Ltd v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 721-22 (N.D.Ill. 2014). *See also* Victor Marrero, *The Costs of Rules, The Rule of Costs*, 37 Cardozo L.Rev. 1599 (2016); Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 639 (1989). *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 411–412 (7th Cir.2010); *Continental Insurance. Co. v. Chase Manhattan Mortgage Corp.*, 59 Fed.Appx. 830, 840 (7th Cir.2003)."

homicide files corresponding to those the City has been ordered to produce. [Dkt. #213, at 4]. According to the City, the complete list of those numbers were produced July 7th. [Dkt. #221, at 2]. The plaintiff's reply brief tells us that the subpoena was issued July 16th and that the plaintiff wants 60 days before reporting on the status of that avenue of discovery. [Dkt. #225, at 1-2]. That's far too long after more than two years of discovery. Thus, plaintiff shall file a report on the status of production pursuant to the subpoena on August 16th. No extensions of this date will be allowed.

## CONCLUSION

The plaintiff's motion for what it tendentiously calls a "discrete and limited extension" of the August 1st discovery deadline [Dkt. #213] is granted as to completion of the City's production, and production pursuant to subpoena served on the Cook County Public Defender's Office, and the remaining 30(b)(6) deposition. The motion is denied as to the deposition of the non-party witness.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/22/21