IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VELEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 8144 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed yet another discovery motion – the sixth motion the parties have brought to court in the final month of discovery. [Dkt. ##200, 203, 209, 213, 230, 234]. This one seeks to "Strike 125 New Witnesses Disclosed Ten Days Before the Close of Fact Discovery." For the following reasons, the plaintiff's motion [Dkt. #234] is denied in part. The parties' conduct and attitude towards discovery proves the wisdom of Judge Posner's observation that protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000).

While nothing can yet be said about the proof regarding the substantive issues in this case, the parties have succeeded in proving (1) that the dictates and aspirations of Local Rule 37.2 are no match for them, and (2) they relish waiting until the last minute – or in this case, after that – to address their discovery responsibilities. The current motion is another chapter in the ongoing saga of Fed.R.Evid. 404(b) witnesses between the City and the firm of Loevy & Loevy. It festers to the surface in case after case. *See, e.g., Ezell v. City of Chicago*, 2021 WL 2136395, at *3 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 1998448 (N.D. Ill. 2021); *DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *7 (N.D. Ill. 2020). So much so, that, in these inevitable and redundant

squabbles over numbers of 404(b) witnesses and numbers of rebuttal witnesses, the parties tend to charge one another with foreknowledge of most of the witnesses from other cases; and they have done so here. So, the court can accept that the burden of a large number of witnesses is not so much in terms of shock or unfamiliarity or unpreparedness as might appear on the surface. And that observation applies to both sides. *See, e.g., Young v. City of Chicago*, 2017 WL 25170 at *8 (N.D.Ill. 2017).

With discovery set to close August 1st, defendants disclosed a staggering 125 *new* fact witnesses on July 20, 2021. This is indefensible and smacks of game playing. But discovery is not a game.¹ Most are said to be rebuttal witnesses to twelve Fed.R.Evid. 404(b) witnesses plaintiff disclosed back in October 2020. The rest are said to be rebuttal witnesses to three Rule 404(b) witnesses plaintiff disclosed by May 7, 2021. Looking at it like that, setting aside the history between the parties and the posturing that has gone on in this (and other) cases, what can one say about one side disclosing well over one hundred witnesses with just eight working days left in the well over two years of discovery the parties had enjoyed? Being delicate, one might say 125 is "an unreasonable starting point." Or, that it's "an excessive amount." Or, surely, that it's "burdensome and oppressive." That is what the defendants thought of the plaintiff disclosing *half* as many potential Rule 404(b) witnesses as far back as October and November of 2020, eight months before the close of discovery. [Dkt. #183]. Naming sixty-six Rule 404(b) witnesses was preposterous, and even a brief glance at the relevant case law would have shown it had no chance of succeeding. So, clearly, naming 125 witnesses a week and a half before discovery closes is, if not preposterous,

---

¹ *Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012); *Durcell U.S. Operations, Inc. v. JRS Ventures, Inc.*, 2018 WL 704686 AT *4 (N.D.Ill. 2018); *Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2018).

certainly unacceptable as well, and at least as futile. It is well to remember that "[j]ustice is not a game...." *United States v. Paglia*, 190 F.2d 445, 448 (2nd Cir. 1951)(L.Hand, J.).

But, just as one cannot say World War I started because Gavrilo Princip assassinated Archduke Ferdinand and the Duchess of Hohenberg, the instant motion is nothing more than the inevitable product of all the parties have done, refused to do, or have done too slowly before. The plaintiff, who now complains about 125 witnesses suddenly named by the defense, set the tone for the current dispute nearly two years ago by demanding the production of 29 years worth of files, a ridiculous request unsupported by case law or the Federal Rules of Civil Procedure. [Dkt. #191, at 1-2]. For its part, the City at one time instituted its own stay of discovery while its motion to bifurcate was considered by Judge Chang. [Dkt. #191, at 2-3]. And discovery continued on like that – with the inevitable waste of a good deal of time.

Since early on then, the parties figuratively have engaged in trench warfare, refusing to budge more often than not, lobbing shells at one another in the form of discovery motions and associated filings which span over 2,250 pages of discovery dispute filings. [Dkt. ## 151, 153, 156, 159, 162, 170, 172, 173, 178, 183, 184, 187, 194/196, 195, 200, 203, 204, 207, 209/211, 210, 212, 213, 221, 222, 224, 225, 230, 234]. As with any war, the parties' internecine conflicts resulted in collateral damage: this is not the only dispute with which we have to deal and resolve; on the contrary, as with all judicial officers, there are many other cases waiting in the queue for the court's attention, most with only one or two discovery disputes breaking out here and there despite attorneys' good faith efforts and which are no less deserving of a court's attention. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.");

3

*Chapman v. First Index, Inc.,* 796 F.3d 783, 787 (7th Cir. 2015)(the public should not be made to subsidize needless disputes); *Kiss Pharmacy LLC v. Becker Professional Dev. Corp.*, 2021 WL 3207822 at *2 (N.D.Ill. 2021); *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D.Ill. 2018)("Here, the taxpayers have been made to subsidize a discovery dispute needlessly.").

That's not to belittle the important issues at stake in this litigation. But there must be balance and proportionality and a realistic appraisal of the stakes involved. *See* Fed.R.Civ.P. 26(b)(1)(discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). *See also, DeLeon-Reyes v. Guevara*, 2021 WL 3418856, at *3 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 1978364, at *4 (N.D. Ill. 2021); *Bouto v. Guevara*, 2020 WL 4437671, at *3 (N.D. Ill. 2020).[2] However, care must be taken to ensure that because of the nature and frequency of the disputes, the important concept of proportionality does not become eclipsed by the intensity and frequency of the disputes between counsel so that its significance is lost in a constant fog of discovery disputes.

As with much else in this litigation, there is a domino effect to choices the attorneys make; there are consequences to drawing lines in the sand, and some of those consequences have arisen in the last month or so, if the parties' multiple breathless discovery motions are any guide. Back on October 22, 2020, the plaintiff submitted a list of over sixty Fed.R.Evid. 404(b) witnesses. [Dkt.#

---

[2] This is a principle which the parties, especially the plaintiff, call to the court's attention with each filing.

234-4]. As discussed in this case, and others, that was a waste of time – a completely unreasonable starting point that courts have soundly criticized again and again. *See, e.g, Johnson v. Guevara,* 20-cv-4156, April 6, 2021, [Dkt. #63, at 3-5]; *Prince v. Kato*, 18-cv-2952, May 9, 2019, [Dkt. #113, at 4, 9]; *DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *6 (N.D. Ill. 2020). And, starting points like that not only adversely affect the progress of the case, but lead almost inevitably to a dispute being submitted to the court often needlessly – which also takes up valuable time when there is a discovery deadline to meet. Yet, with full knowledge that the number would never stand up to a court challenge, the plaintiff made a deliberate choice to start there anyway. *Compare Johnson v. Guevara,* 20-cv-4156, April 6, 2021, [Dkt. #63, at 5 (". . . we understand that's the Court's position. As I said, it's just our legal position if we are going to limit our list that we should do so by court order and not voluntarily."].

Predictably, and quite rightfully, the City balked at the plaintiff's witness list, and the parties engaged in a pitched battle for months. All the two sides could accomplish was the City demanding a limit of 10 and plaintiff offering a limit of 15, but not until depositions were completed and with the proviso that plaintiff could then make wholesale substitutions to the list. [Dkt. #183-4]. That was where things stood March 26, 2021. Obviously, that was not very practical with fact discovery closing on August 1st.

Another month went by before the City brought the matter to court on April 30th. The plaintiff responded to the City's motion a week later, and the court resolved the matter on May 19, 2021. But, any objective observer could see that plaintiff's stratagem resulted in a loss of weeks of discovery time. And then, a schedule had to be set for plaintiff to pare down the list with time to make substitutions if necessary. As such, while plaintiff's pared-down list of 15 witnesses was in

5

the City's hands by June 3, 2021, the plaintiff had 30 days thereafter if necessary to make substitutions. [Dkt. #193]. So, for all practical purposes, as the City points out, the plaintiff's list wasn't final until July 3, 2021. The City disclosed its list of rebuttal witnesses just seventeen days later. That's not too bad and it was, it has to be said, essentially the plaintiff's fault for stubbornly starting the whole thing at 66 witnesses.

But, the fact that the list was 125 witnesses long is bad. It seems the City is just as good at ignoring legal precedent or trends as plaintiff. The cases the City cited to plaintiff during their negotiations [Dkt. #234-3, at 6-7] undermined its position. In *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725 (7th Cir. 2004), for example, the court found it sufficient that the defendant had specifically identified *a single witness* as knowledgeable on a specific topic at a deposition a month before the close of discovery. *See Ernst, Gutierrez, Rydel, et al. v. Credit Protection Assoc., AT&T Broadband and Communications and Cable of Chicago*, No. 01-7025 [Dkt. #62, at 13; Dkt. #39]. And in *ChampionsWorld, LLC v. U.S. Soccer Federation, Inc*., 890 F.Supp.2d 912 (N.D. Ill. 2012) *the single witness* at issue was identified by position titles in defendant's *initial* disclosures. *Id.* at 936. It is difficult, to say the least, to find cases where a judge gave a thumbs up to 125 rebuttal witnesses.

Over the course of this dispute, one side or another has argued that the other side was not prejudiced as to witnesses because they had seen them all before, or at least many of them. That is likely the case, as the two sides have fought over the same discovery territory, losing it, retaking it, and losing it again in other cases. But the parties are mistaken if they believe that a court is going to – or should – sift through those other cases to determine which witnesses in *Prince* or *Chatman* ought to be familiar to one side or another. That is work for counsel, not for the court. Indeed, it is

6

impermissible for a court to perform a lawyer's functions. *See, e.g., United States v. Sineneng-Smith*, ––– U.S. ––––, 140 S.Ct. 1575, 1579, 206 L.Ed.2d 866 (2020)*; Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010)("We will not fill th[e] void by crafting arguments and performing the necessary legal research . . . ."). *See also United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011)("[I]t is not a judge's job to assist one advocate at another's expense."); *Lee v. Chicago Youth Centers*, 69 F.Supp.3d 885, 889 (N.D.Ill. 2014)(collecting cases). Counsel for both sides have had ample opportunity to discuss and work out a proper list of Rule 404(b) witnesses and rebuttal witnesses that both sides are mostly familiar with, and they have refused to do so. And, to be frank, their tactics during the final weeks of discovery do not merit any additional expenditure of judicial resources beyond the significant amount already spent on dispute after dispute, [Dkt. ## 151, 153, 156, 159, 162, 170, 172, 173, 178, 183, 184, 187, 194/196, 195, 200, 203, 204, 207, 209/211, 210, 212, 213, 221, 222, 224, 225, 230, 234], especially while others wait in what Judge Easterbrook has referred to as the queue for resolution of their cases. *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *Pratt Central Park Ltd Partnership v. Dames & Moore, Inc.*, 60 F.3d 350, 352 (7th Cir. 1995). For these two sides, what's past – the past they so deliberately fashioned during discovery – is prologue.

      That being said, 125 witnesses is still preposterous. Somewhere along the line, the City offered to reduce the list to 45 and plaintiff said, "no." Ideally, that might have been a rational *starting* point that would, again, have saved valuable time; but given the history between the parties, 30 shall be sufficient. Defendants will provide that pared-down list no later than 8/27/21. There will be no extensions of this date. Again, any prejudice befalling plaintiff as a result leads directly back to plaintiff's insistence on sixty-six Rule 404(b) witnesses in the face of more than one case and

more than one judge saying ten was the limit. All that the type of plaintiff's posturing does when discovery disputes begin is squander time and ensure a lack of it when it might be useful and most needed. *See Logantree LP v. Garmin International, Inc.*, 2021 WL 3421577, at *7 (D. Kan. 2021)(discussing the domino effect of even a minimal delay); *Wallace v. S. Cable Sys., LLC*, 2017 WL 6994562, at *2 n.3 (N.D. Fla. 2017)(delay had the domino effect of disrupting all sequential dates and deadlines that have been in place); *Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2021 WL 1124758, at *7 (D. Idaho 2021)(". . . this type of domino effect on discovery that has already taken so long would cause harm to the parties and continue to bog down the Court . . . ."); *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)(domino effect of late disclosure); *SiteLock LLC v. GoDaddy.com LLC*, 2020 WL 6135189, at *17 (D. Ariz. 2020)("The parties' inability to complete written discovery has created a domino effect that has interfered with the scheduling of depositions and retention of experts."); *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2017 WL 4803928, at *2 (S.D.W. Va. 2017)("When parties fail to comply with discovery deadlines, a domino effect develops . . . .")

Moreover, the plaintiff is reminded of the stance he took, several discovery disputes ago, regarding additional discovery upon discovery: "Primarily, there is a practical limitation to the ways in which Plaintiff can use the [discovery], based on the limited time he will have to conduct discovery." [Dkt. #184, at 12 (quoting *Bouto v. Guevara*, 2020 WL 4437671, at *3 (N.D. Ill. 2020)]. The court in *Bouto* warned plaintiff against wasting time on frolics. Discovery regarding rebuttal witnesses to 404(b) witnesses, is the very definition of a "frolic" – as the *Bouto* court put it – if not a frolic upon a frolic. *Bouto*, 2020 WL 4437671, at *3.

8

While fact and deposition discovery is now closed, nothing prevents the parties from working out very limited lists of familiar witnesses on both sides. The evidence may not even be admissible at trial, *see DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *3 (N.D. Ill. 2020)(collecting cases barring 404(b) evidence) and, even if it is, "[o]n the spectrum of the importance of discovery in resolving the issues, the importance of the Rule 404(b) evidence is relatively low." *DeLeon-Reyes*, 2020 WL 1429521, at *6. It is doubtful at best that Judge Chang, under the best of circumstances, would allow Rule 404(b) and rebuttal testimony from double-digit numbers of witnesses. More importantly, those who will be selected as jurors ought not in the perilous times in which we are living be made needlessly to indulge one of the parties' apparent willingness to extend things beyond the limits of what is reasonable and necessary.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/20/21

9