IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN VELEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 8144 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The CCPD has filed a motion for reconsideration of the Order of September 2, 2021, denying its motion to quash the plaintiff's subpoena. [Dkt. #265]. The CCPD does not acknowledge that motions for reconsideration are disfavored and rarely granted or acknowledge the limited purpose such motions serve. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990). "The district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *A & C Construction & Installation, Co. WLL v. Zurich American Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). "Disagreeing with or being disappointed by a decision is not a reason for the court to reconsider a decision it has made." *Martin v. Gray*, 2021 WL 3855566 at *20 (E.D.Wis. 2021). Moreover, the CCPD cites no case law to support its motion – a failure that is generally enough to deny such a motion. *See, e.g., Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031 (7th Cir. 2021); *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020); *Johnson v. Ne. Sch. Corp.*, 972 F.3d 905, 911 (7th Cir. 2020); *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020); *Schaefer v. Universal Scaffolding & Equip.*, LLC, 839 F.3d 599, 607 (7th Cir. 2016); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

Finally, although a motion for reconsideration must be based on a manifest error of law or fact or on newly discovered evidence, *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012), nowhere in CCPD's motion is there a mention of the phrase "manifest error of law" or any reference to "newly discovered evidence." [1]

Instead, the CCPD asserts that "in its motion to quash, the CCPD also suggested that if this Court did not quash the subpoena entirely, this Court should defer ruling on the motion to quash until the parties and this Court have had an opportunity to explore whether the massive amount of work demanded by the subpoena would really lead to probative competent evidence." [Dkt. #265, at 1]. That's inaccurate. The CCPD's motion was quite clear that it was looking for the subpoena to be quashed. The motion stated that the CCPD was "mov[ing] to quash a subpoena directed to the Cook County Public Defender, (CCPD), a non-party, as being unduly burdensome." [Dkt. #246, at 1]. And it asked that "this Court give it the protections Rule 45 affords." The CCPD asked that the "subpoena be quashed [and that] [t]he burden of complying with the subpoena exceeds the benefit of production of the material sought by the subpoena." [Dkt. #246, at 8]. And finally, it asserted that "[t]he Plaintiff's subpoena to the CCPD is overly burdensome and should be quashed" and concluded by asking that "this Court quash Plaintiff's subpoena served upon the CCPD." [Dkt. #246, at 11]. There was no request that the court defer ruling on the CCPD's motion to quash. Indeed, it

---

[1] But, judges are not omniscient and mistakes are made. *See, e.g., Willy v. Coastal Corp.,* 503 U.S. 131, 139 (1992); *Marek v. Chesny,* 473 U.S. 1 (1985)(Rehnquist, J., concurring); *Tome v. United States,* 513 U.S. 150, 167 (1995)(Scalia, J., concurring in part and concurring in the judgment). The Seventh Circuit has said that "in any given opinion, [a court] can misapprehend the facts ... or even overlook important facts or controlling law." *Olympia Equipments v. Western Union,* 802 F.2d 217, 219 (7th Cir.1986). Thus, motions for reconsideration can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy.

would be odd for an attorney to file a motion asking for relief, but at the same time ask the court not to rule. The statements made by the motion for reconsideration are false.

The request to defer ruling did come, not as the CCPD's motion for reconsideration asserts, in the motion to quash [Dkt. # 265, at 1], but belatedly, in the CCPD's reply brief. But that is too late. *See Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020)(point raised for the first time in reply brief waived); *Campos v. Cook Cty.*, 932 F.3d 972, 976 n.2 (7th Cir. 2019); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009); *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987)("A reply brief is for replying, . . . ."). There, the CCPD said "if this Court does not elect to simply quash the subpoena outright, the CCPD suggests that this Court should defer ruling on this motion until the parties and this Court have had an opportunity to explore whether the massive amount of work demanded by this subpoena would really lead to probative competent evidence." [Dkt. #256, at 3-4]. The idea seems to be that according to counsel some of the CCPD's files from "the 1990s" might not be relevant to the plaintiff's purposes because CCPD's "attorneys would not have been carefully maintaining the content of those files for the benefit of civil litigants, who might want to search through their closed files thirty years later." [Dkt. #256, at 4]. It was an idea the CCPD also raised in its opening brief [Dkt. #246, at 10], but it was vague, speculative, and there was, again, no mention of deferring ruling on the CCPD's motion.

The court was, of course, not amenable to deferring ruling in this case. Discovery has been contentious, arduous, and slow. There is a history of the parties waiting until the last minute and beyond to begin work that ought to have already been nearly completed and assuming they would receive extensions. [Dkt. #215]. Often, they did, perhaps inadvisably, but that time is at an end. "All

good things, including discovery, must come to an end." *U.S. ex rel Taylor v. Hicks*, 513 F.3d 228, 238 (5th Cir. 2008).[2]

Fact discovery in this case closed August 1st, but, here we are, slogging away on remnants the parties did not plan ahead for adequately. The court did, however, endorse the CCPD's suggestion about the parties and the CCPD getting together and exploring the relevance of the documents as follows:

> Ideally, the parties – plaintiff, the City, and the CCPD – ought to meaningfully discuss and agree to a process and a file volume that would make all this workable. But, given the history of discussions under Local Rule 37.2 in this case, there would seem to be little hope of agreement and of the genuine cooperation between counsel demanded by case after case throughout the country. *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3rd Cir. 1995); *Landerman v. Tarpon Operating and Development, L.L.C.*, 2014 WL 6332824, 2 (E.D.La. 2014). But, perhaps the parties and counsel will acknowledge (at least to themselves) that the time for posturing and obduracy [so common in modern litigation] has come to a close.
>
> What would be far better at this point than another jejune, disputatious discovery motion and a like response would be some actual solutions to the problems this case poses – problems that are persistent and require the sensitive and creative input of counsel on both sides. I am not insensitive to the concerns expressed by the parties in this case and of the objections posed by the CCPD. Indeed I have spent a very substantial amount of time attempting to resolve issues the parties have brought to the court. See, e.g.,[Dkt. ## 151, 153, 156, 159, 162, 170, 172, 173, 178, 183, 184, 187, 194/196 195, 200, 203, 204, 207, 209/211, 210, 212, 213, 221, 222, 224, 225, 230, 234]; *Velez v. City of Chicago, et al.*, 2021 WL 3709187, at *2 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 3231726, at *1 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL

---

[2] As has been noted previously in this very case, judges' failures to properly monitor discovery is a source of constant criticism by courts. It is deemed to be the source of increased costs of litigation and accounts for much of the abuses by plaintiffs' and defendants' lawyers, alike. *See, e.g., Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir. 1993)(Roney, J., concurring); *Miller UK Ltd v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 721-22 (N.D.Ill. 2014). See also Victor Marrero, *The Costs of Rules, The Rule of Costs*, 37 Cardozo L.Rev. 1599 (2016); Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 639 (1989). *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 411–412 (7th Cir.2010); *Continental Insurance. Co. v. Chase Manhattan Mortgage Corp.*, 59 Fed.Appx. 830, 840 (7th Cir.2003).

3109657 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 2942047 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 2915117 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 1998448 (N.D. Ill. 2021); Velez v. City of Chicago, 2021 WL 1978364 (N.D. Ill. 2021); *Velez v. City of Chicago*, 2021 WL 309028 (N.D. Ill. 2021). Counsel are again encouraged to review their discovery concerns in a professional manner and to arrive at viable solutions to their issues. It ought not be forgotten that there are other cases besides this on the court's docket which are, after all, as important to those involved in them as this case is to the parties and their counsel.

[Dkt. #258 at 4-5].

I would certainly be receptive to any rational plan the parties and CCPD might come up with. But, unfortunately it appears that the parties have no interest in resolving this matter creatively and amicably along with the participation of the CCPD. CCPD's motion for reconsideration gives no indication that the parties have convened at all in any effort toward working out this problem since I ruled on the motion to quash. Indeed, two weeks after the court made the foregoing comments about the parties' contentious motions and suggested compromise, the court received two more discovery motions and a response brief. [Dkt. ##259, 261, 262]. There are abundant paths to compromise for the City, the plaintiff, and the CCPD in this matter, but the City and the plaintiff continue to be determined to follow only the path of dispute.

## CONCLUSION

For the preceding reasons, the motion for reconsideration [Dkt. #265] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/22/21